MATILDA H. WALKER et al., executors of Mary A. Walker, deceased,

*v.*

MARY CHAMBERS et al.

[Submitted December 7th, 1915. Decided December 8th, 1915.]

A bequest "to my cousins" *Held* to mean first cousins only.

---

On bill for construction of will.

*Mr. J. Clarence Conover,* for the complainants.

*Mr. Samuel A. Besson, Mr. Harlan Besson* and *Mr. Hugh K. Gaston,* for the defendants.

BACKES, V. C.

Mary A. Walker, deceased, left a will giving her estate to institutions, friends and relatives. It contains twenty-nine items of disposition of specific property or money of stated sums. The last item reads: "I give, devise and bequeath the remainder of my personal property to my cousins mentioned in this will."

Ten first cousins and seven second cousins are mentioned. The second cousins contend that they are entitled to participate as "cousins," and the question which the executors are unable to solve with security to themselves is, whether the residue of the personal property should be divided into ten or seventeen parts. They ask for advice and instructions. Now, who was meant by "cousins?"

Hawkins says, "A gift to 'cousins' *prima facie* means only first cousins." *Hawk. Wills (Sang. 2d ed.) 116.* Jarman lays down the same rule *(6th ed.) vol. 2, p. 162.* In *Stevenson* v. *Abingdon, 31 Beav. 305; 54 Eng. Reprint 1156,* it was said by the master of the rolls: "*Prima facie,* the word 'cousin' means first cousin, and not a first cousin once or more times removed; still less does it mean a second or third cousin, which might go on indefinitely." *Oxford Dictionary* defines "cousin" to be: "2 spec. The son or daughter of (one's) uncle or aunt—own, first, or full cousin, COUSIN GERMAN. (The strict modern sense.)" The definition given by Webster is: "2 specif. The son or daughter of one's uncle or aunt (called more fully own, first, or full, cousin, or cousin-german)." The *Century Dictionary,* volume 2, gives it: "Specifically, in modern usage; 2. The son or daughter of an uncle or an aunt, or one related by descent in a diverging line from a known common ancestor."

In its usual and ordinary acceptation, the term "cousin" does not connote second or third cousin, and in common parlance and daily intercourse, it is generally understood to relate to a child of an uncle or aunt—first cousin—and, without anything else to guide us, it is to be assumed that the testatrix used it in the popular sense; and so it was held by Lord-Chancellor Cranworth, in *Stoddart* v. *Nelson, 6 De G. M. & G. 68; 43 Eng. Reprint 1156,* in construing a bequest to the testator's cousin who

should be living at his decease: "I have come to the conclusion that it means first cousins only," he says, "I think that, if a testator says no more than that he gives to 'cousins,' he must be taken to mean first cousins. That will be a practical construction, and one by which the parties entitled will be easily ascertained; it coincides, too, with ordinary experience, for when a person speaks of cousins he generally means first cousins, the children of an uncle or aunt; and I think that, in the present case, there being first cousins, this is the proper construction to adopt." In *Burbey* v. *Burbey, 9 Jur. 96*, the testator made money bequests to six cousins, the sums to be in addition to what they would otherwise take under the statute of distribution equally with the testator's cousins, the Carters, in New Brunswick, or elsewhere (one of whom was a first cousin and the other a first cousin once removed). The residue of his property the testator gave and bequeathed unto all of his cousins in all respects. Vice-Chancellor Stuart held that first cousins only were entitled to the property.

There is absolutely nothing in the context of the will indicating an intention of the testatrix that those of the second generation were to participate in the class of cousins. Some of the first cousins, to whom specific property or money was bequeathed, are referred to as cousins, while six of the second cousins are simply designated as children of persons who stood in the relation of cousins. If anything is to be gathered from this, it is the impression that the class the testatrix had in mind was the one formed by first cousins. *Caldecott* v. *Harrison, 9 Sim. 457; 59 Eng. Reprint 435.* The complainants will be advised to make disposition among the first cousins.

Other questions of construction, raised by the bill, were settled by counsel at the hearing.