[No. 18589.  Department Two.  October 21, 1924.]

*In the Matter of the Estate of* LAURA C. MACMARTIN,
*Deceased.*

ANNA S. HARRIS, *Appellant,* v. JAMES MACMARTIN,
*Respondent.*[1]

WILLS (59, 71)—CONSTRUCTION—INTENT OF TESTATOR—ESTATES
DEVISED—TRUSTS.  A bequest to one named as executrix grants an
absolute title, without any obligatory trust, where the only words
of limitation were to the effect that the legatee had "agreed to dis-
tribute" the estate in "certain ways designated by me in· a written
memorandum," which was preceded by the statement that the be-
quest is "made unconditionally" and followed by an express direc-
tion that the distribution shall be left entirely to the discretion of
the taker who shall not be required to account to any person, but
shall take absolutely and unconditionally.

Appeal from an order of the superior court for
Spokane county, Oswald, J., entered January 16, 1924,
in favor of the defendant, in proceedings to construe
a will.  Reversed.

*Allen, Winston & Allen,* for appellant.

*E. H. Belden,* for respondent.

FULLERTON, J.—On October 11, 1922, Laura C. Mac-
Martin died at Minneapolis, Minnesota, leaving a will
dated August 28, 1908, reading as follows:

"I, Laura C. MacMartin, residing at Amsterdam,
in the State of New York, but with a temporary resi-
dence at Minneapolis, State of Minnesota, do hereby
make, publish and declare this as and for my last
will and testament, hereby revoking and making null
and void all wills and testaments heretofore made by
me.

"1. I nominate and appoint as the executrix of this
will, my cousin, Anna S. Harris of Minneapolis, Min-
nesota, or if said Anna S. Harris shall not be living

[1]Reported in 229 Pac. 530.

at the time of my decease or if for any reason she shall be incapable or unwilling to accept this trust and act as the executrix of this will, I nominate and appoint my cousin, John K. Stewart of Amsterdam, New York, as the executor hereof.

"2. I direct my executrix or executor, as soon as possible after my decease to pay all the debts which I may be owing at the time of my decease and expenses of my burial.

"3. I give unto my said executrix or executor full power and authority to bargain, sell and convey for what price or prices and upon such terms and at such times as to said executrix or executor may seem best any or all of my real estate wheresoever the same may be situated, hereby conferring upon said executrix or executor the absolute and unconditional right to determine by their own judgment the best time for the sale of said real estate and the prices for and terms upon which the same shall be sold and I direct that they shall not be held accountable in any way for the exercise of such judgment.

"4. I give, devise and bequeath unto said Anna S. Harris if she shall qualify and act as executrix, or unto said John K. Stewart, if by the terms of this will he shall qualify and act as executor, all of my estate of every nature and description, wheresoever the same may be situated. This bequest is made unconditionally, said devisees and legatees having agreed to distribute whatever estate I may leave in certain ways designated by me in a written memorandum left with them; but I expressly direct that the distribution of said estate shall be left entirely to their discretion and that they shall not be compelled to account in any way to any person for such distribution, but that said estate shall be distributed to them absolutely and unconditionally just as though the entire amount thereof should be retained for their sole use and benefit and they shall then exercise their own judgment as to the time when and the manner in which the distribution, if any, shall be made."

The testatrix bore the relationship of cousin to both the executrix and executor named in the will, although

the latter were not children of the same parents. The executor named was, at the date of the will, and at the time of his death, which occurred some five years prior to the death of the testatrix, a resident of the state of New York.

From a time shortly after the date of the execution of the will up to the time of her death, the testatrix made her home with the executrix, residing with her as a member of her family. At no time did she contribute towards the support of the household. During the last four years of her life she was a confirmed invalid, and her income during this period was insufficient even to meet her personal needs. Such additional help as she required for this last purpose was furnished her by the executrix.

The will was found, after the death of the testatrix, among her personal papers in a room in the executrix's home which had been set apart for the private use of the textatrix. With it was found a deed properly executed, purporting to convey her real property to the executrix. There was also found an envelope, which at .one time had been sealed and afterwards torn open. The envelope on its face side bore the direction: "John K. Stewart, Personal. To be sent immediately after my death." On the reverse side, it had this endorsement: "When I am through, there will not be enough for this." The direction and indorsement on the envelope were in the handwriting of the testatrix. The testatrix left no written memorandum with the executrix directing in what way her property should be distributed, nor did she ever give her any verbal directions to that purport. The respondent, James MacMartin, is a nephew of the halfblood of the testatrix, and the sole heir at law of her estate.

The testatrix left real property situated in the city

of Spokane. After her death the executrix named in the will submitted the will for probate to the superior court of Spokane county. The will was admitted to probate and the executrix confirmed by the court as the executrix thereof. Subsequently, a controversy arising between the executrix and the heir at law as to the proper construction of the will, the parties, by stipulation, submitted the matter to the court having jurisdiction of the probate proceedings. The court determined that the devise and bequest to the executrix vested in her no beneficial interest in the estate, but vested in her a trust estate only, and that the object and purpose of the trust so vested was incapable of ascertainment either from the terms of the will alone or from the terms of the will when aided by the surrounding circumstances. From these considerations it concluded that, since there was no residuary clause in the will, the estate passed to the next of kin.

The fundamental and controlling rules for the construction of wills are familiar and well understood, and it would be of no special aid to recall them here at length. It is enough to say that wills are to be construed according to the evident intent of the testator, and that this intent must be gathered when possible from the words of the will, construed in their natural and obvious sense.

Turning to the will here under consideration and looking at it as a whole, it is at once apparent that the testatrix intended to vest in the executrix or executor she names, if either qualified as such, the title to the whole of her estate. This is evident from the language of the fourth paragraph of the will. The first sentence of that paragraph is a grant of an absolute title, and standing alone would vest in the devisee the property without condition of any sort. The lim-

itation on the grant, such as does exist, is found in the second sentence of the same paragraph. The words of limitation are, "said devisees and legatees [meaning, of course, whichever of them should qualify] having agreed to distribute whatever estate I may leave in certain ways designated by me in a written memorandum left with them." But this is preceded by the statement that the "bequest is made unconditionally," and is followed by the express direction, construed according to the evident meaning, that the distribution shall be left entirely to the discretion of the taker; that he or she shall not be compelled to account in any way to any person for such distribution; that he or she shall take the estate "absolutely and unconditionally just as though the entire amount" was for his or her sole use and benefit; and that then the distribution, "if any," shall be made. Obviously, it seems to us, this is a grant of an absolute title, of the property of the estate to the devisee who takes under the terms of the will, without an obligatory trust of any sort. It follows from this that the words of limitation, when read in connection with what precedes and what follows, amount to nothing more than an expressed wish or desire, and would not be obligatory upon the devisee had the purposes of the expressed desire been made known, and it further follows, as a necessary consequence, that the devisee takes the property rather than the heir at law.

The order appealed from is reversed, and the cause remanded with instructions to enter an order in accordance with this opinion.

MAIN, C. J., BRIDGES, MITCHELL, and PEMBERTON, JJ., concur.