Dr. W. Scott Smith and Dr. Ellen B. Smith were husband and wife, living together, and each practicing their profession in the city of Salem. The wife died intestate some time before his death, leaving a personal estate of about $31, 529.05, as evidenced by the appraisal of her husband as administrator. This personal estate consisted of cash and securities then in the City National Bank of Salem.
In June, 1920, Dr. W. Scott Smith made and executed his last will and testament, which was on July 25th, 1923, duly admitted to probate.
This will has three subdivisions —
"First. I order all my just debts to be paid as soon as convenient after my decease.
"Second. All moneys and securities in the City National Bank of Salem, N.J., and which belonged to my late wife, Dr. Ellen B. Smith, I give and bequeath unto Quinton P. Harris, of California; Lucy H. Arnold, of Lancaster, Pa., and Margaret Brown, of Denver, Colorado, or their legal representatives, to be divided equally among them, share and share alike.
"Third. All moneys and securities belonging to me in Salem National Banking Company of Salem, N.J., I give and bequeath as therein directed."
During the life of Dr. Ellen B. Smith, she had a box in the City National Bank of Salem, New Jersey, which box Dr. W. Scott Smith retained after her death.
Dr. W. Scott Smith had at his death, and had had for many years, a box in the Salem National Banking Company, of Salem, New Jersey.
The complainant, as executor of the estate of Dr. W. Scott Smith, found in the safe deposit box of the decedent, in the City National Bank, being the same box used during her lifetime by Ellen B. Smith, moneys and securities amounting to $10,887.60. These securities were either a part of the *Page 192 
securities previously owned by Dr. Ellen B. Smith, or were securities taking the place of some other securities owned by her.
The remaining articles of personalty belonging to the said Dr. W. Scott Smith, excluding household goods and jewelry, consisted of money and securities in his safe deposit box in the Salem National Banking Company, and amounted in value to $39,440.
The defendants, Quinton P. Harris, Lucy H. Arnold and Margaret Brown, have demanded of the executor all the securities which belonged to the wife, Dr. Ellen B. Smith, at the time of her decease, or the money value thereof, claiming that section 2 of the will so provided.
The executor prays that he be ordered and decreed as to the manner and form of the distribution to be made by him under the terms of the second clause of said will.
The contention of the defendants (claimants) is that the will should be interpreted as though this clause read: "All moneys and securities now in the City National Bank of Salem," c.
Therefore, the question resolves itself. Do the words "all moneys and securities in the City National Bank, * * * and which belonged to my late wife," mean "all moneys and securities at the date of the will," or "all moneys and securities at the time of decedent's death."
A will ordinarily speaks from the time of the death of the testator. Where a contrary intention is manifest on the face of the will, the will will be read as of the time when the testator intended it should speak. Inhabitants of Phillipsburg v.Bruch, Executor, 37 N.J. Eq. 482.
There is nothing on the face of the will to manifest such contrary intention. Considerable testimony was permitted tending to show the testator's intention. It is unnecessary to determine whether, under the circumstances, this testimony was admissible, as it, if admissible, is not sufficient to satisfy the court that the testator intended the will to be read as suggested and intended by the claimants. *Page 193 
The proceeds of the life insurance policy on the life of Dr. W. Scott Smith, made payable to Dr. Ellen B. Smith as beneficiary, cannot be deemed as having "belonged to my late wife," and must therefore be included in the residuary clause.
The third question, being a request for instruction as to the words "cousins," is answered by a reference to Walker v.Chambers, 85 N.J. Eq. 376, which held that "a bequest to my cousins means first cousins only."
A decree will be advised directing the complainant in accordance with these views.