[No. 26828.   Department One.   January 13, 1938.]

THE BANK OF CALIFORNIA, N. A., *as Executor, Respondent,* v. MRS. JAMES C. TURNER *et al., Defendants,* MELCHIOR JORI *et al., Respondents,* JACK C. NELSON *et al., Appellants.*[1]

*Harold A. Seering, Eli E. Dorsey, Hartman, Hartman, Simon & Coles,* and *Wingate & Suffel,* for appellants.

*Wright & Wright* (*Eugene A. Wright,* of counsel), for respondent Bank of California, N. A.

*William V. Cowan,* for respondents Melchior Jori *et al.*

[1]Reported in 74 P. (2d) 987.

HOLCOMB, J.—This appeal involves an action brought by an executor for the construction of the last will and testament of Amanda Wasesha.

The testatrix died on January 5, 1936, leaving an estate consisting of real and personal property. Decedent's will was executed on December 16, 1933, and a codicil was attached thereto dated July 2, 1935. The will was duly admitted to probate. By the terms of the will, respondent was named executor, and a number of specific bequests were made to relatives, some of whom are related by consanguinity and others by affinity. Other bequests were made to individuals who are strangers to the blood and to affinity. A number of bequests were also made to certain religious and charitable institutions.

Paragraph twenty-eight of the will provides:

"It is my wish and desire that in case there is not enough money or property to pay all of the bequests made in this my LAST WILL that my executor *pay first the bequests made to relatives,* and thereafter any estate remaining be divided pro rata among the other legatees." (Italics ours.)

Respondent alleges in its complaint that there is not sufficient money to be realized from the estate to pay in full all of the bequests made by the deceased, but there is a difference of opinion in regard to whether the term "relatives," as used in the will, embraces only relatives by consanguinity, or all relatives by affinity as well as consanguinity. Therefore, respondents prayed that paragraph twenty-eight of the will be construed so that the proper distribution of the estate might be made.

The trial court held that, under paragraph twenty-eight of the will, the testatrix meant to include all relatives, both by affinity and consanguinity, and therefore they should be considered as one class and should

be paid first, and any balance remaining undistributed should be pro rated among the other devisees.

Error is assigned in holding that it was the intent and purpose of the testatrix to include relatives by affinity and in denying appellants' motion for a new trial, or, in the alternative, for judgment notwithstanding the court's decree.

■ The word "relatives" is a very indefinite word, and in a broad sense includes both relations by affinity as well as by consanguinity. It is conceivable that the interest of the relative by affinity may be greater than that of the relative by blood. *Schutte v. Douglass,* 90 Conn. 529, 97 Atl. 906. The general rule is well settled to the effect that the word "relatives" when used in wills is ordinarily construed as including relatives by consanguinity, and excluding relatives by affinity, unless a contrary intention is manifested. 28 R. C. L. 256, § 229.

"The word 'relatives' has two meanings: (1) an enlarged meaning which includes all persons who are related in any way, by consanguinity or affinity, lineal and collateral relatives; (2) a restricted meaning which is confined to such relatives as are heirs, under the law of succession. It is the universal holding that, when used in a will, the word is presumed to mean relatives in the restricted sense, unless a contrary intention is apparent from the context of the will." *In re Bernheim's Estate,* 82 Mont. 198, 266 Pac. 378, 57 A. L. R. 1169.

Webster's New International Dictionary (2d ed.) defines a "relative" as follows:

"A person connected with another by blood or affinity; strictly, one allied by blood; a relation; a kinsman or kinswoman."

"When employed in their generic, as distinguished from their technical, sense, however, the words include those connected by affinity as well as consan-

guinity." *Wapello County v. Eikelberg,* 140 Iowa 736, 117 N. W. 978.

This dual meaning of the term "relatives" has been recognized, and those related by affinity have been treated as relatives when the testator intended to include them. *Cleaver v. Cleaver,* 39 Wis. 96, 20 Am. Rep. 30; Annotation 57 A. L. R. 1180; *In re Peters' Estate,* 11 Phila. (Pa.) 85; *Hoff's Appeal,* 28 Pa. 51; *Henderson v. Henderson,* 77 N. J. Eq. 317, 77 Atl. 348; *Marcus v. Leake,* 4 Neb. (Unoff.) 354, 94 N. W. 100; *Esty v. Clark,* 101 Mass. 36, 3 Am. Rep. 320; *Bennett v. Van Riper,* 47 N. J. Eq. 563, 22 Atl. 1055, 24 Am. St. 416, 14 L. R. A. 342; *Lewis v. Mynatt,* 105 Tenn. 508, 58 S. W. 857; *Wapello County v. Eikelberg,* 140 Iowa 736, 117 N. W. 978; *Anderson v. Supreme Council, etc.,* 69 N. J. Eq. 176, 60 Atl. 759; *Schutte v. Douglass, supra; Gross v. Nickum,* 34 Pa. Co. Ct. 498; *In re Trickett's Estate,* 197 Cal. 20, 239 Pac. 406.

Therefore, it becomes material to ascertain the intention of the testator. This will should be construed so as to give effect to the intention of the testator, and in ascertaining the meaning of the particular words, phrases, clauses, or paragraphs, the intention of the testator is to be determined from an examination of the entire instrument. 69 C. J. 104, § 1153; 1 Page on Wills (2d ed.), 1374, § 811; *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105; *In re Peters' Estate,* 101 Wash. 572, 172 Pac. 870; *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6; *Cotton v. Bank of California,* 145 Wash. 503, 261 Pac. 104; *Peiffer v. Old Nat. Bank & Union Trust Co.,* 166 Wash. 1, 6 P. (2d) 386; *In re Doepkes' Estates,* 182 Wash. 556, 47 P. (2d) 1009.

We come now to a consideration of decedent's will. It is noteworthy that the word "relatives" is not qualified in any manner in decedent's will. An examination of the will discloses that it contains thirty-two pro-

visions and a codicil. The bequests may be classified as follows: First, to "beloved" relatives by consanguinity and affinity; second, to friends; third, to two persons undescribed; and fourth, to charitable and religious organizations.

We find that the bequests to those related by consanguinity and to those related by affinity are not classified separately in the will, but are commingled together. Bequests are made to those related to the testatrix by blood, then to those related only by marriage, and then bequests follow thereafter to beneficiaries related by blood. Upon reading the term "relatives" in paragraph twenty-eight of the will in conjunction with the bequests made in the other ·paragraphs of the will, we conclude that the testatrix intended to use the term "relatives" in its broad generic sense rather than in its technical sense. Hence, the beneficiaries related either by consanguinity or affinity are entitled to be paid first, and the remainder of the estate will thereafter be distributed among the remaining legatees.

Appellants contend testatrix never intended that the charities enumerated in the will should take nothing. We are convinced that, although the decedent intended to make the charitable institutions enumerated in the will the objects of her bounty, still the payment of their bequests was intended to be conditioned upon the payment of the bequests to the relatives.

"While the courts are very keen sighted to discover the intent to make a charitable bequest, and very solicitous to give effect to such intent, still we know of no reason why the courts should not be equally solicitous to give effect to any other lawful intent on the part of the testator which can be clearly gathered from the will itself." *In re Chappell's Estate,* 124 Wash. 128, 213 Pac. 684.

The trial court did not err in denying appellant's motion for a new trial or, in the alternative, for judgment notwithstanding the court's decree.

The judgment of the trial court is therefore affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.