[No. 27193.  *En Banc.*  January 7, 1939.]

W. H. Cowles, *Respondent,* v. E. S. Matthews *et al.,*
*Appellants.*[1]

*Danson, Lowe & Danson* and *C. E. Turner,* for appellant E. S. Matthews.

*Brown & Weller,* for appellant William R. Matthews.

*Witherspoon, Witherspoon & Kelley* (*William G. Ennis,* of counsel), for respondent.

[1]Reported in 86 P. (2d) 273.

SIMPSON, J.—The case at bar involves interpretation of the provisions of a will relative to the creation of trust.

July 20, 1933, plaintiff secured a judgment against E. S. Matthews, which has not been satisfied. March 30, 1938, supplemental proceedings were instituted by plaintiff to ascertain what property, if any, was owned by defendant E. S. Matthews. As a result of the trial by the court, judgment was entered in favor of plaintiff subjecting to the lien of the judgment an interest which defendant E. S. Matthews had in the estate of his father, W. H. Matthews. Defendants have appealed.

The undisputed facts, as shown by the record, are as follows: W. H. Matthews, the father of appellants, died October 17, 1936, leaving a nonintervention will, which, after leaving certain property to his wife, provided as follows:

"The remainder and residue of my property I Will and Bequeath to my three (3) sons to share and share alike, to-wit: William R. Matthews, Edwin S. Matthews and Corwin D. Matthews.

"It is my Will and desire that my said sons allow the property of which I may die seized to remain in its present condition and hold it in trust for a period of five (5) years after the date that this Will is admitted to probate and during said time to draw the revenue and from it invest or re-invest the same after deducting necessary expenses and such sums as may be necessary for living expenses of my said sons.

"I appoint my said sons above named and each of them Executor of this Will or such one or more of them as may qualify as such Executor and direct that my Executor or Executors, as the case may be, may act without bond and without the intervention of court so far as the same can be done under the laws of the State of Washington.

"Should I have any property outside of the State of Washington, then I appoint my said sons and each of

them Trustee of said property. I am regarding all of my property as community property."

The will was admitted to probate and is now in process of settlement.

Appellants urge two errors on the part of the trial court: First, in holding that the will created no trust; and second, in appointing a receiver to take charge of and sell the interest that appellant E. S. Matthews had in the estate.

The intent of the testator, as expressed in his will, must govern if not inconsistent with the rules of law. In order to determine the meaning and effect of any provision in a will, we must examine the written instrument in its entirety to ascertain the true intent of the testator. Rem. Rev. Stat., § 1415 [P. C. § 10042]; *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105; *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6; *Cotton v. Bank of California,* 145 Wash. 503, 261 Pac. 104; *In re Doepkes' Estates,* 182 Wash. 556, 47 P. (2d) 1009; *In re Phillips' Estate,* 193 Wash. 194, 74 P. (2d) 1015; *Bank of California v. Turner,* 193 Wash. 270, 74 P. (2d) 987.

Respondent contends that the wording of the will precludes a holding to the effect that a trust was created, because the use of the words "will and desire" merely expressed a recommendation or a desire on the part of the testator. It is clear that a trust fails when mere precatory words are employed evidencing an intent by the testator to bestow upon the trustees complete discretionary power to convey or not to convey. *Lanigan v. Miles,* 102 Wash. 82, 172 Pac. 894; *In re King's Estate,* 144 Wash. 281, 257 Pac. 848; *In re Williams' Estate,* 167 Wash. 524, 10 P. (2d) 219; *In re Morton's Estate,* 188 Wash. 206, 61 P. (2d) 1309.

This court stated in the case of *Hunt v. Hunt,* 18 Wash. 14, 50 Pac. 578, that:

"A precatory trust arises out of words of 'entreaty, wish, expectation, request or recommendation, frequently employed in wills,' and a trust has been created by such words as 'hope,' 'wish,' 'request,' etc., if they be not so modified by the context as to amount to no more than mere suggestions to be acted upon or not according to the caprice of the interested devisee, or negatived by other expressions indicating a contrary intention, and the subject and object be sufficiently certain."

The court approved the quotation cited above in the case of *In re Hochbrunn's Estate,* 138 Wash. 415, 244 Pac. 698, 49 A. L. R. 7, in which it appeared that F. Hochbrunn left a will devising his property, after payment to a brother of certain sums, by using the following words:

" 'First. After all just claims against my estate shall have been adjusted and satisfied in full, including those of my last illness, funeral expenses, burial grounds, and the sum of Five Hundred ($500.00) Dollars to each of my executors, hereinafter named, I give and bequeath to my brother Henry Hochbrunn, now residing at No. 371 29th Street, San Francisco, California, the entire residue and remainder of my estate to which I may be entitled at the time of my decease, both real, personal or mixed, and wheresoever located at the time of my decease, with the special request to my said brother that he pay to my sister, Elisa Hochbrunn, of Schwerin, Mecklenburg-Schwerin, Germany, the sum of Ten Thousand ($10,000.00) Dollars out of the proceeds of my estate as soon as possible after my decease; the same may be paid to her by installments, if necessary, but request that no unnecessary delay be made, provided she may survive me.' "

In passing upon the section of the will just quoted, Judge Mitchell expressed the views of this court in the following language:

"The words 'request' and 'desire' used in wills have often been held to be imperative and entirely sufficient

to create a trust. Some of such cases, which in turn refer to many others, are as follows: *Trustees, etc. v. Epsom School District,* 75 N. H. 408, 75 Atl. 100; *In re Hamilton's Estate,* 181 Cal. 758, 186 Pac. 587; *Daly v. Daly,* 142 Tenn. 242, 218 S. W. 213; *Seefried v. Clarke,* 113 Va. 365, 74 S. E. 204; *Hess v. Singler,* 114 Mass. 56; *Deacon v. Cobson,* 83 N. J. Eq. 122, 89 Atl. 1029; *In re Dewey's Estate,* 45 Utah 98, 143 Pac. 124, Ann. Cas. 1918A 475; Story, Equity Jurisprudence (14th ed. 1918) vol. 3, § 1444.

"There are cases, cited by the appellants, holding such trusts were not created, such as the *Hunt* case, *supra, Lanigan v. Miles,* 102 Wash. 82, 172 Pac. 894, and others, upon an examination of which it will be found that the language employed in the instruments under consideration was mediately· or immediately used in connection with other inconsistent and more dominating provisions of the instruments, or lacking in definiteness and certainty as to amount, or left optional with the legatee to comply or refuse. A review of those cases to show their inapplicability to the present case we think would serve no useful purpose."

It will be observed that W. H. Matthews used the word "trust" in indicating his intent to have his property left intact and withheld from settlement until five years had elapsed after his will was admitted to probate, and he used the positive word "will" in conjunction with the word "desire." Considering the words, "will and desire" together, as well as the terms of the entire instrument, we believe the testator did not merely suggest or recommend a deferring of the disposition of his property for five years. In our opinion, the will created a trust for E. S. Matthews and the others named therein.

█ Appellant E. S. Matthews makes the contention that his interest in the estate was exempt from execution because of the following provisions of Rem. Rev. Stat., § 637 [P. C. § 7951]:

"This chapter does not authorize the seizure of, or other interference with any property which is expressly exempt by law from levy and sale by virtue of an execution, or any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor; or the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding, where it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor."

Since the trust created is an active one, his interest in the corpus cannot be subjected to the payment of the judgment held by respondent. *Knettle v. Knettle,* 164 Wash. 468, 3 P. (2d) 133.

In view of our holding relative to the creation of a trust, it is not necessary to decide the other error urged by appellants.

The judgment is reversed.

MAIN, BEALS, MILLARD, and ROBINSON, JJ., concur.

GERAGHTY, J. (dissenting)—I find myself unable to subscribe to the majority opinion. By the terms of his father's will, the appellant succeeds to a one-third interest in a comparatively large estate. The respondent holds an unsatisfied judgment against the appellant and seeks, by supplementary proceedings, to subject this interest to payment of the appellant's debt.

We have held, in *Washington Trust Co. v. Blalock,* 155 Wash. 510, 285 Pac. 449, that the interest of a judgment debtor in an estate may be subjected to the payment of his debts, subject, of course, to the rights of creditors and the orderly processes of administration. But it is contended by the appellant that, by the terms of his father's will, the estate is to be held in trust for five years; and that, under the provisions of Rem. Rev.

Stat., § 637, quoted in the majority opinion, his interest in the trust estate is exempt from execution.

It will be noted that, by the terms of the will, there is an outright bequest of a third interest in the estate to each of the testator's three sons. Then follows the testator's statement that it is his "will and desire" that the sons allow the property of which he may die seized to remain in its present condition and be held in trust for a period of five years. I think the direction to the sons amounts to no more than the recommendation by a father to his children of a course of policy in the management of their inheritance. There is no trust within the intent of § 637.

I therefore dissent.

STEINERT, C. J., BLAKE, and HOLCOMB, JJ., concur with GERAGHTY, J.