[No. 29869. Department One. July 6, 1946.]

EDNA WELTER, *Appellant,* v. SEATTLE-FIRST NATIONAL BANK *et al., Respondents.*[1]

*W. C. Hinman* and *H. M. Andrews,* for appellant.

*Sather, Livesey & Kingsbury,* for respondents.

[1]Reported in 170 P. (2d) 867.

Simpson, J.—Plaintiff brought this action by petition to have set over to her certain property held by Seattle-First National Bank, as trustee of the estate of Joseph Welter, deceased. The cause, tried to the court, resulted in the entry of a decree denying the petition. Although a trial was had, the court determined the questions as presented by the pleadings.

Plaintiff, in her appeal to this court, assigns as error the action of the trial court in sustaining a demurrer to the petition, and in dismissing the action.

The facts, as disclosed by the petition and the evidence, are these: March 3, 1930, Joseph Welter executed his last will and testament, which contained ten paragraphs or articles. The first article provided for the payment of debts, and the second made provision for his wife, Anna Welter, and his son, Herbert A. Welter, as follows:

"I believe that the interests of my estate will be best served in the preservation thereof by leaving the same in trust with the First National Bank of Bellingham, Washington, and I accordingly give, bequeath and devise all and every of my estate of every name and nature and wheresoever situated and whether in existence or in remainder to the said First National Bank at Bellingham, Washington, in trust nevertheless for the following uses and purposes: The said bank as executor, shall proceed immediately following my death to prepare said estate for distribution, to itself as Trustee; thereupon, that is to say, as soon as said estate shall come into its hands as trustee, it shall:

"(a) Pay to my beloved wife, Anna Welter on the first day of each and every month for and during her natural lifetime out of the net income of said estate, provided the same shall be sufficient for said purpose, and other wise out of the corpus of said estate, the sum of Two Hundred Fifty Dollars ($250) looking toward her comfortable maintenance, care and support;"

Subsection (b) provided for the payment of taxes and charges of like nature that might be assessed against the property selected by Anna Welter as her home, by the trustee.

"(c) In addition to the foregoing provision with reference to monthly support and payment of taxes and munici-

pal liens, I do further provide and direct hereby that if physical distress in the nature of accidental injury or sickness or disease overtake her, necessitating the expenditure of moneys in her behalf and for her welfare in excess of the $250 payment monthly provided for her herein, that the Trustee shall pay out of the net income and if necessary out of the corpus of said estate such additional sums;"

Subsection (d) contained directions relative to funeral expenses of his wife after she should be deceased.

Subsection (e), among other things, provided as follows:

"That upon the death of her the said Anna Welter, providing she survives me and after the payment of all expenses in connection with the last sickness and funeral of her the said Anna Welter, the said Trustee shall then pay to my beloved son, Herbert A. Welter, provided he shall then have attained the age of thirty-five (35) years and not otherwise, the net income arising out of my estate after the deduction of all necessary expenses had and expended in the prosecution of this trust."

The third article read:

"THIRD ARTICLE: Upon the death of my said beloved son, Herbert A. Welter any and all remainder of the estate then in the hands of the Trustee shall be distributed to the issue of him the said Herbert A. Welter, and in the event there shall be no issue surviving him the said Herbert A. Welter, then said estate shall be distributed to the wife of him the said Herbert A. Welter, and if there be no wife surviving him, the said Herbert A. Welter, then said estate shall be distributed to the heirs at law of him the said Herbert A. Welter as provided by the statutes of the State of Washington in relation to the estates of intestates."

The other articles of the will contained explicit directions to the trustee as to how the estate should be managed and controlled. In fact, in article 4 the testator stated that he desired that H. C. Heal, one of the officers of the trustee corporation, co-operate with and in the management of Thiel & Welter, Inc., and have the directing management and control of the business on behalf of his estate and on behalf of the trustee.

The fifth article provided:

"FIFTH ARTICLE: I hereby direct, authorize and empower my said Trustee to manage all the property of the trust with full power and authority in its discretion, and in the same manner and to the same extent as I could do if living; to sell, contract for sale, convey, with or without covenants of warranty, lease for any term, invest or re-invest in such securities or properties, as are legal investments for trust funds in the State of Washington, and exchange any of said property, or the proceeds thereof, whether real, personal or mixed property, to borrow money, to make promissory notes, bonds or other obligations, and to renew and extend the same or any part thereof, and to pledge or mortgage the property or any part thereof, as security therefor, and receive and use the principal of and income from my estate for the purpose hereinafter specified during the existence and continuance of the trust or trusts herein created. Expenses of trust and compensation payable semi-annually."

The last article of the will appointed the First National Bank at Bellingham, Washington, executor of the will and directed that probate should be without the intervention of court.

A codicil to the will made some changes in section a, article two. The changes, however, do not affect the interpretation of the will.

It is a fact that, prior to the making of the will, Anna Welter set over to her husband all of her interest in the community property, with the evident purpose of allowing her husband to make disposition of all of their property.

Joseph Welter died September 8, 1932. Thereafter his will was admitted to probate, and the bank assumed the duties of trustee. Since that time, Seattle-First National Bank, Bellingham branch, successor to First National Bank of Bellingham, has assumed the duties of trustee under the will.

Herbert A. Welter was married subsequent to the death of his father and died October 24, 1944, without issue, leaving surviving him his widow, Edna Welter, the appellant.

Appellant agrees that the provisions of the will regarding the care and maintenance of Anna Welter are of supreme importance. She contends, however, that, upon the death of Herbert Welter, the estate should have been distributed in accordance with the provisions of article three of the will, subject to the requirements of Mrs. Welter, Sr. It is admitted that, if the estate be now distributed to appellant, it would result in the discharge of the trustee named in the will.

It is the rule in this state that the intent of the testator must be ascertained from the language of the will itself, and that, in so doing, the court will give effect to every part of the will. In other words, the will must be considered as an entirety, and no provision will be given greater weight than any other provision. *Cowles v. Matthews,* 197 Wash. 652, 86 P. (2d) 273; *In re Bauer's Estate,* 5 Wn. (2d) 165, 105 P. (2d) 11; *Bank of California v. Ager,* 7 Wn. (2d) 179, 109 P. (2d) 548; *In re Thomas' Estate,* 17 Wn. (2d) 674, 136 P. (2d) 1017, 147 A. L. R. 598.

By reading and considering this will as a whole, it is clearly evident that the testator had in mind, first, that his wife should receive certain definite care as long as she should live; second, that, after the death of his wife, his son should receive the net income arising out of the estate upon reaching the age of thirty-five years, with a further provision for care of his son should he be overtaken by physical distress; third, that, in order to protect the estate, the property should be held and managed by the trustee named in the will. This last provision was as important to him as any other part or portion of the will.

It is a fact within the knowledge of everyone that many estates of consequence cease to return income after being managed by those not skilled in business affairs. Many estates cease to exist after being in the charge of those lacking in business ability. It is clear from the reading of the will that Mr. Welter took great care in its making, in order to bring about the desired results which we have mentioned, and that he was very careful to see to it that men of known

business ability should care for the affairs of his estate as long as his wife should live.

The judgment of the trial court was correct, and it is therefore affirmed.

BEALS, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.