[No. 33068.  Department One.  March 15, 1955.]

*In the Matter of the Estate of* JULIUS C. JOHNSON,
*Deceased.*[1]

[1]Reported in 280 P. (2d) 1034.

*John J. Schiffner* and *Bert A. Farley*, for appellant.

*Gleeson & Smith*, for respondent Clarence P. Smith, as guardian *ad litem.*

*McCallum & Zellmer*, for respondent executor.

DONWORTH, J.—This appeal calls upon us to review the construction placed on the provisions of a will by the superior court sitting in probate.

Julius C. Johnson died testate July 30, 1949. His nonintervention will, wherein his son Raymond L. Johnson was named executor, was admitted to probate September 13, 1949. This will contains the following provisions material to this controversy:

"FIFTH: I devise unto my son, Raymond L. Johnson, in fee simple, to his heirs, administrators, executors, and assigns forever, the following described real estate, towit: [here follows legal description of certain lands] . . .

"SIXTH: I give and devise [here follows legal description of certain lands] . . . to my son, Walter C. Johnson, for the term of his natural life, with the rents, issues and profits thereof during his natural life; he to pay all the taxes thereon during his lifetime, and upon the death of Walter C. Johnson, with the remainder in fee to be vested in the children of Walter C. Johnson, namely: Harlan Johnson, Barbara Johnson Olson, *James Johnson, Patty Ann Johnson,* and *John Johnson,* and any other child or children born to Walter C. Johnson before the end of his life estate, share and share alike. [Italics ours.]

"SEVENTH: I give and devise [here follows legal description of certain land] . . . unto my daughter, Norma B. Cubbage, for the term of her natural life, with the use of the rents, issues and profits thereo*n* for her natural life, she to pay all taxes thereon during her lifetime, with remainder in fee upon the death of said Norma B. Cubbage to become vested in her three children, namely: Allyn Cubbage, Robert Cubbage, and Carolyn Cubbage, share and share alike, and in their heirs, administrators, executors, and assigns, forever. . . .

"NINTH: . . . It is my desire and direction that except as to the fishing equipment and guns specifically given

to my son, Walter C. Johnson, that all of my estate go in three equal parts, so that I may have dealt equally and fairly with each of my children. In using this language I mean that the part going to Walter C. Johnson shall be considered to include the remainderman's interest devised in certain lands to his children in paragraph six of this will and the part going to Norma B. Cubbage shall be considered to include the remainderman's interest devised in paragraph seven of this will. I have specifically hereinabove in this will devised certain portions of my real estate, but the amount and value of each of these devises is different. I, therefore, direct that my executor and trustee shall take account of these differences in value, and in taking such account he shall use as his basis the value of the lands specifically devised as finally determined by the audit of the Internal Revenue Department of the Treasury Department of the United States, in determining the Federal Estate Tax. The values to be charged against Walter C. Johnson and Norma B. Cubbage shall include the value of the remainderman's estates in their children in the specific devises. My executor and trustee shall distribute the remainder and residue of my estate to himself, Raymond L. Johnson, Walter C. Johnson, and Norma B. Cubbage, share and share alike, but only after charging and crediting them, as the case may be, for the differences in value of the lands specifically devised. . . ."

The lineal descendants of the testator, whose names are material to an understanding of the problem presented by this appeal, are as follows:

| TESTATOR | CHILDREN | GRAND-CHILDREN | GREAT-GRAND-CHILDREN |
|---|---|---|---|
| Julius C. Johnson | Raymond L. Johnson | Harlan Johnson | |
| | | Barbara (Johnson) Olson | James Olson, Patty Ann Olson, John Olson |
| | Walter C. Johnson | Nelda Rae Johnson | |
| | Norma B. Cubbage | Lorena Kay Johnson | |
| | | Sandra Jo Johnson | |

This family tree readily indicates that the three names which we have italicized in paragraph sixth of the will are not correct. They are a composite of the surnames of Walter C. Johnson's children and the Christian names of certain grandchildren of Walter C. Johnson.

Nelda Rae, Lorena Kay, and Sandra Jo Johnson are minors. James, Patty Ann, and John Olson are minors also. Walter C. Johnson died subsequent to the demise of the testator.

The executor petitioned the court for construction of the will and a decree of distribution alleging that paragraph sixth thereof was ambiguous and asking the court to interpret the will for the purpose of determining the intent of the testator as to the persons in whom the remainderman's interest should vest. At the hearing on this petition, the minor Johnson children appeared by counsel retained by their general guardian, and the minor Olson children appeared by counsel appointed as their guardian *ad litem.*

In the course of the hearing, the court, upon being apprised of the matters set forth above, orally ruled that the intent of the testator could not be ascertained from the four corners of the will and, therefore, that it would receive evidence of extrinsic facts.

Over the objection of the guardian of the minor Johnson children, the court then received evidence of extrinsic facts, not only relating to the identity of these devisees but also testimony concerning alleged declarations of the testator as to what testamentary disposition he intended to make, or had made, for Walter C. Johnson's grandchildren. Upon the evidence so received, the court made findings of fact, conclusions of law, and thereupon decreed distribution of the remainderman's interest provided for in paragraph sixth of the will in *eight* equal shares to the above mentioned children and grandchildren of Walter C. Johnson.

The guardian of the minor Johnson children appeals and assigns error in the admission of this evidence of extrinsic facts, in the making of finding of fact No. 11 and conclusions of law based thereon, and in decreeing the distribution of the remainderman's interest as stated above.

We refer briefly to certain fundamental and controlling rules for the construction of wills.

"Wills are to be construed according to the evident intent of the testator, . . . this intent must be gathered when possible from the words of the will, construed in their natural and obvious sense." *In re MacMartin's Estate*, 131 Wash. 192, 229 Pac. 530.

■ In construing a will, the courts will seek for and give effect to the intent, scheme, or plan of the testator if it be lawful. *Siegley v. Simpson*, 73 Wash. 69, 131 Pac. 479; *In re Long's Estate*, 190 Wash. 196, 67 P. (2d) 331; *Cowles v. Matthews*, 197 Wash. 652, 86 P. (2d) 273; *Bank of California, N. A. v. Ager*, 7 Wn. (2d) 179, 109 P. (2d) 548; *In re Elliott's Estate*, 22 Wn. (2d) 334, 156 P. (2d) 427, 157 A. L. R. 1335; *In re Levas' Estate*, 33 Wn. (2d) 530, 206 P. (2d) 482.

The testator's intent, scheme, or plan must be ascertained from the four corners of the will, if possible. *Shufeldt v. Shufeldt*, 130 Wash. 253, 227 Pac. 6; *In re MacMartin's Estate, supra*; *Welter v. Seattle-First Nat. Bank*, 25 Wn. (2d) 286, 170 P. (2d) 867; *In re Levas' Estate, supra*; *In re MacAdams' Estate*, 45 Wn. (2d) 527, 276 P. (2d) 729.

■ Generally, a provision of a will must be construed in the light of the entire instrument. *Cowles v. Matthews, supra*; *Welter v. Seattle-First Nat. Bank, supra*; *In re Levas' Estate, supra*; *In re Torando's Estate*, 38 Wn. (2d) 642, 228 P. (2d) 142, 236 P. (2d) 552.

■ A reading of the entire will (particularly those paragraphs quoted above) convinces us that it was the testator's plan that the remainderman's interest in the two parcels of land described in paragraph sixth and seventh should pass to the *children* of the life tenant in each case upon the expiration of the life tenancy. It is clear to us, without recourse to extrinsic evidence, that the testator's intent was that the remainderman's interest provided for in paragraph sixth should vest in the children of Walter C. Johnson. We do not find any language in that paragraph which, when read in the light of the entire instrument, would impel us to hold that the testator in using the word "children" meant to include in that term "grandchildren."

*Old Nat. Bank & Union Trust Co. v. Hughes,* 16 Wn. (2d) 584, 134 P. (2d) 63.

█ Having thus arrived at this interpretation of the will, the sole remaining problem before this court is the identification of beneficiaries. To solve it, we must determine who the children of Walter C. Johnson were at the time of the termination of his life estate. At this point, evidence of extrinsic facts is properly admissible, not for the purpose of ascertaining the testator's intent but solely for the purpose of identifying the members of the class to which the testator devised the remainderman's estate.

█ This class was defined in paragraph sixth as "the children of Walter C. Johnson, namely: [names omitted] and any other child or children born to Walter C. Johnson before the end of his life estate, share and share alike." It is undisputed that Walter C. Johnson was survived by five children (two of them adults and three of them minors), and that all five of them were known to the testator. It follows that these five children are entitled to have the real property described in paragraph sixth distributed to them in equal shares.

█ We, therefore, are of the opinion that the trial court erred in holding that there was a latent ambiguity in the will and in admitting evidence of extrinsic facts for the purpose of ascertaining the intention of the testator. Parenthetically, the existence or nonexistence of a latent ambiguity was a question of law and not a question of fact, so finding of fact No. 9 is immaterial as to this issue. Likewise, the making of finding of fact No. 11 was error, for the reasons hereinbefore stated, as was the entry of paragraph 10 of the decree distributing the remainderman's interest to the eight persons named therein.

Appellant's final assignment of error is that the court erred in refusing to award attorney's fees, payable from the corpus of the testator's estate, to the general guardian of the Johnson children. The executor filed a brief in this court in opposition to the making of any such award to the guardian of the Johnson children. None of the parties claim that the

trial court erred in awarding attorney's fees, payable from the corpus of the testator's estate, to the guardian *ad litem* of the minor Olson children.

Inasmuch as the proceeding was instituted by the executor for the purpose of obtaining instructions from the court as to the persons entitled to receive the remainder-man's interest provided for in paragraph sixth of the will, and since this action was made necessary because of the testator's use of incorrect names in that paragraph, we are aware of no reason why the parties necessarily brought into court in such a proceeding may not recover from the corpus of the estate reasonable attorney's fees. *In re Williamson's Estate*, 38 Wn. (2d) 259, 229 P. (2d) 312. The executor deemed the presence of both the minor children and the minor grandchildren of Walter C. Johnson as necessary to the entry of a valid decree determining this matter, and he can hardly be heard to complain if all the minors he properly made parties to the proceeding are awarded counsel fees at the expense of the estate.

The decree of distribution entered by the trial court is reversed as to paragraph 10 thereof, with instructions to delete therefrom the names "James Olson, Patty Ann Olson, [and] John Olson," and substitute "one-fifth" for the word "one-eighth" therein. With this deletion and substitution, the remainder of paragraph 10 correctly distributes the real property described therein.

The trial court is further directed to allow the general guardian such sum as it may determine to be reasonable as attorney's fees for services rendered herein.

It is so ordered.

HAMLEY, C. J., MALLERY, SCHWELLENBACH, and FINLEY, JJ., concur.