Gloria **BRISTOL** et al., Appellants,

v.

Nat T. **MAZZA** et al., Appellees.

No. 15695.

Court of Civil Appeals of Texas.
Fort Worth.

March 9, 1956.

Rehearing Denied April 6, 1956.

H. J. Loe and Robert R. Clements, Fort Worth, for appellants.

Samuels, Brown, Herman & Scott and Ardell M. Young, Fort Worth, for appellees.

RENFRO, Justice.

The executors of the estate of Clotilda Bicocchi Jenkins, deceased, brought suit for construction of certain provisions of her will. Only the construction of paragraph XII is before us for review.

Paragraph XII reads as follows:

"After having made provision for the foregoing bequests and devises, then the rest and residue of my estate in whatever property it may consist shall pass to and become vested in my surviving first cousins hereinafter specified—that is to say, the first cousin who shall survive my death. Said cousins who are now living and from whom the class of surviving first cousins shall be selected, assuming that some of them should not survive my death, are as follows: * * *." Then follows the names and addresses of twenty-two individuals.

Appellants, Gloria Bristol and Louis Bicocchi, and two others, although included in the list of twenty-two, were not first cousins of the testatrix, but were her second cousins. Two others in the list were not related to testatrix.

The trial court construed paragraph XII to mean the residue of testatrix' estate passed to and vested in only the first cousins named in said paragraph.

Appellants argue that where the name of a contemplated class is used in conjunction with the names of the individuals benefitted, the class name, e. g., "cousins", is simply descriptive of what testatrix thought the kinship to be, but in any event, when both designations are used, no legal class is created and the name of the legatee or devisee is controlling. By point of error they contend the court erred in holding the second cousins took nothing by virtue of the paragraph in question.

The cardinal rule of construction of wills always is that the intent of the testator will control and the courts should never adopt any rule of construction which has the effect of destroying the manifest intention of the testator. Lockett v. Wood, Tex.Civ.App., 84 S.W.2d 798; McDow v. Lund, Tex.Civ.App., 250 S.W.2d 247.

The intention of the testatrix must be ascertained from the words she used in the will. "Words in general, whether technical or popular, are to be taken in their plain and usual sense, unless a clear intention to use them in another sense can be collected and that sense ascertained besides." 2 Schouler on Wills, Executors and Administrators, p. 984. Ordinarily, the word "cousins" denotes sons or daughters of brothers or sisters of one's

father or mother, and includes first cousins only. 10 Words and Phrases, Cousin, p. 279.

In paragraph III of the will one of appellants was given a specific bequest and was referred to as "Louis Bicocchi, son of my cousin, George Bicocchi". George Bicocchi was testatrix' first cousin.

In paragraph VII the other appellant was recipient of personal property. She was named without description of kinship. Numerous bequests were made to individuals in the will preceding paragraph XII. In each instance when the word "cousin" was used it referred to a person who was actually a "first" cousin of deceased.

In the paragraph under consideration it is provided the residue shall become vested in "my surviving first cousins", the "first cousin who shall survive my death. Said cousins who are now living and from whom the class of surviving first cousins shall be selected, * * *." So in the one single paragraph she used the words "first cousins" three times. In the one instance where the word "first" was omitted "said cousins" were designated as the "class of surviving first cousins".

■ Testatrix expressly created a "class" whom she wanted to have the residue of her property. That class was her surviving first cousins. A careful reading of the will from its four corners, noting the manner in which she, in other paragraphs, used the word "cousin", the fact she did not refer in other paragraphs to any person as cousin except first cousins, and her repeated use of "first cousins" in paragraph XII, leads us to the conclusion the testatrix used the term "first cousin" in its ordinary sense. Words of common use are given their plain and ordinary meaning unless it appears from the context that they were used in a different sense. 44 Tex.Jur., p. 720, sec. 158.

A reading of the entire will convinces us it was the intention, as expressed therein, that the residue of the estate should pass to her first cousins as provided in paragraph XII. We do not think the language of the paragraph, when read in the light of the entire instrument, would justify our holding that the testatrix in using the words "first cousins" meant to include in that term "second" cousins and persons not related to her.

We think the trial court properly construed the will. For authorities supporting our conclusion see In re Johnson's Estate, 46 Wash.2d 308, 280 P.2d 1034; Combs v. Combs, 172 Ark. 1073, 291 S.W. 818, and Walker v. Chambers, 85 N.J.Eq. 376, 96 A. 359.

■ If we be mistaken in our view that the words used in the will show a clear intent that first cousins only should share in the residue, then we hold that extrinsic evidence was proper for the purpose of aiding the court in determining testatrix' intent.

Appellants called as a witness the attorney who prepared the will. He testified testatrix was uncertain who were her first cousins so she gave him the list of names appearing in paragraph XII out of which the first cousins should be selected.

■ The rule is stated in 94 A.L.R. at page 104: "Where the beneficiary is designated in a will by both name and description, and there is a conflict between the name and the descriptive matter, so that they do not apply to the same person, there exists a latent ambiguity, removable by extrinsic evidence." There is nothing contradictory to the will in the evidence. The will itself says the persons named are "said cousins * * * from whom the class of surviving first cousins shall be selected". The testimony explained why persons, other than first cousins, were included in the list.

■ If there was uncertainty as to whether all the persons named in paragraph XII were to share in the residue or only first cousins were to share, the court could properly consider the evidence given in determining the real intent of the testatrix.

Judgment affirmed.