[No. 42200.    En Banc.    April 13, 1972.]

RICHARD B. ANDERSON, *as Executor, Appellant,* v. MARY ANDERSON, *Respondent.*

*Savage & Nuxoll* and *Wesley A. Nuxoll,* for appellant.

*Aitken, Schauble & Shoemaker* and *Hugh J. Aitken,* for respondent.

HUNTER, J.—This is an appeal by the plaintiff (appellant), Richard B. Anderson, as executor of the estate of Patriae Anderson, deceased, from a summary judgment in favor of the defendant (respondent), Mary Anderson, holding that certain joint bank accounts with right of survivorship in the name of the surviving spouse passed to the defendant by operation of the law, and were not includable under a formula in the will of the decedent for proportion-

ate sharing of taxes, attorney's fees, costs and debts of the estate.

The facts in this case are not in dispute. Patriae Anderson died testate on August 8, 1966. His will, which was admitted to probate, contained the following provision:

EIGHTH: I direct that each beneficiary shall bear and pay his or her proportionate share of inheritance tax, estate tax, attorney's fees, court costs, and debts of my estate as the value of *the property he or she receives hereunder* bears to the value of the entire property of my estate. Such value shall be the same as determined for settlement of inheritance tax and estate tax.

(Italics ours.) At the time the will was executed, November 13, 1963, Patriae Anderson had only separate bank accounts which did not include the name of the defendant, his wife. On October 14, 1964, Patriae Anderson executed a codicil to his will which provided, in part:

FIRST: I will and bequeath to my wife, MARY ANDERSON, all money on deposit, either checking and/or savings account, or both, in my name, in my name and that of my wife, or in the name of my wife, with the Colfax Branch, Seattle-First National Bank, Colfax, Washington, and I also will and bequeath to her the sum of Ten Thousand Dollars ($10,000.00) of my money on deposit, either as checking and/or savings account, or both, with the State National Bank, Garfield, Washington.

The codicil specifically ratified the will and was made a part thereof by reference. All of the bank accounts were still the individual and separate accounts of the decedent when he executed the codicil. Thereafter, on September 1, 1965, an individual account in the State National Bank of Garfield was transferred to a joint account with right of survivorship in the defendant, in which account $3,471.18 remained on the date of death. On February 17, 1966, another account was changed from an individual account to a joint account with right of survivorship in the defendant. This account was also in the State National Bank of Garfield and a balance of $9,107.64 remained on the date of death.

On March 23, 1966, a second codicil was made in which the testator provided, *inter alia*:

FIRST: I will and bequeath any and all joint savings and/or checking accounts, and all savings and/or checking account in the name of my wife only, at the Colfax Branch, Seattle-First National Bank, and at the State National Bank, Garfield, Washington, and at Palouse Branch, Old National Bank of Washington, to my wife, MARY ANDERSON, as her sole and separate property.

The second codicil also confirmed the provisions of the will. On August 8, 1966, another individual account at the State National Bank of Garfield was changed to a joint account with right of survivorship in the surviving spouse. The balance of this account on the date of death was $16,978.51.

In the probate proceedings, the executor determined that the three joint bank accounts which admittedly passed to the surviving spouse as a joint tenant with right of survivorship should be included for valuation purposes in determining the proportionate share each beneficiary is to pay of taxes, attorney's fees, costs and debts of the estate according to the formula set forth in the will. The defendant's proportionate share was accordingly set at $4,609.03. The defendant has paid inheritance and estate taxes in the sum of $1,661.96 on the value of the property she received under the will and the joint accounts, but she has refused to pay a proportionate share of the taxes, attorney's fees, costs and debts under the executor's interpretation of the formula which includes the value of the joint accounts. This action was initiated by the executor for the balance of $2,947.07.

The trial court concluded that the joint accounts with right of survivorship passed to the defendant by operation of law and not under the will; that paragraph eight of the will does not extend to property not passing under the will, and that there is no obligation on the part of the defendant to pay a part of the taxes, attorney's fees, costs and debts of the estate measured by the value of the joint accounts with right of survivorship. Summary judgment in favor of the defendant was entered accordingly, from which the plaintiff appeals.

The single issue presented on this appeal is whether it was the testator's intent, in drafting the pertinent clauses in his will and codicils, to make all assets passing by reason of his death subject to the payment of their proportionate share of the taxes, attorney's fees, costs and debts of the estate, or whether the application of the formula in the will is limited to those assets which passed solely under the will.

The plaintiff agrees that the bank accounts in question passed to the defendant as a joint tenant with right of survivorship under the laws of joint tenancy as set forth in RCW 30.20.015 and RCW 64.28.010. He contends, however, that the formula should nevertheless apply to the joint accounts passing outside the will since that was the intent of the testator. He argues that the following sentence contained in the formula in the will, "Such value shall be the same as determined for settlement of inheritance tax and estate tax," indicates the testator's intent that the formula apply to all the property which was subject to inheritance and estate taxes upon his death. We disagree.

It is well established that, in construing a will, the courts will seek for and give effect to the intent, scheme, or plan of the testator if it be lawful. *In re Estate of Shaw,* 69 Wn.2d 238, 417 P.2d 942 (1966); *In re Estate of Tipp,* 54 Wn.2d 585, 343 P.2d 566 (1959); *In re Estate of Johnson,* 46 Wn.2d 308, 280 P.2d 1034 (1955). *See* RCW 11.12.230. The intent must be gathered when possible from the words of the will, construed in their natural and obvious sense. *In re Estate of Johnson, supra; In re Estate of MacMartin,* 131 Wash. 192, 229 P. 530 (1924). Further, in construing a will, the court is faced with the situation as it existed when the will was drawn and must consider all the surrounding circumstances, the objects sought to be obtained, and endeavor to determine what was in the testator's mind when he made the bequests, and the court must not make a new will for him or warp his language in order to obtain a result which the court might feel to be right. *In re Estate of Price,*

75 Wn.2d 884, 454 P.2d 411 (1969); *In re Estate of Quick*, 33 Wn.2d 568, 206 P.2d 489 (1949).

At the time Patriae Anderson executed his will, the joint accounts with right of survivorship annexed were not in existence. All of the accounts were the separate accounts of the testator. It is clear from the testator's language in paragraph eight of the will, "the property he or she receives hereunder," and, specifically, by his use of the word "hereunder," that he intended his scheme or formula for the proportionment of taxes, attorney's fees, costs and debts of his estate to apply only to that property which was disposed of by his will. It would be inconsistent with this intent to hold that the last sentence in the formula indicates the testator desired the formula to apply to property passing outside of the will since the accounts in the nature of joint accounts with right of survivorship annexed were not, at the time, in existence, nor is there any evidence he contemplated their coming into existence. In construing the language of the last sentence in paragraph eight of the will in its natural and obvious sense, we believe that it was intended merely to provide a method in the application of the formula for determining the value of that property which passed under the will.

The plaintiff further argues that by reason of the words "joint account" in the second codicil, it was the understanding and belief of the testator that the joint accounts with right of survivorship annexed would pass under the will to his wife and should therefore be included in the formula.

The test in disposing of this argument is to determine whether the testator did, in fact, intend the joint accounts in question to pass under the provisions of the will and codicils.

■ The intention of the testator as a depositor who makes a deposit in the form of a joint deposit with right of survivorship annexed, is controlled by statute. RCW 30.20.015 reads:

> After any deposit shall be made in a national bank, state bank, trust company or any banking institution sub-

ject to the supervision of the supervisor of banking of this state, by any person in the names of such depositor and one or more other persons and in form to be paid to any of them or the survivor of them, such deposit and any additions thereto made by any of such persons after the making thereof, shall become the property of such persons as joint tenants with the right of survivorship, and the same, together with all interest thereon, shall be held for the exclusive use of such persons and may be paid to any of them during their lifetimes or the survivor or survivors. *The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such bank or the surviving depositor is a party, of the intention of the depositors to vest title to such deposit and the additions thereto in the survivor or survivors.*

(Italics ours.)

When Patriae Anderson changed his separate accounts to joint accounts with right of survivorship in his wife, she immediately acquired a vested property right in each account and, upon the death of her husband, the whole of each of the accounts became her separate property. Patriae Anderson, in creating the joint accounts with right of survivorship, is held to have had knowledge of the above statute and to have intended therefore that the accounts vest in the survivor by operation of law when he made the deposits. The language in the statute is conclusive of any dispute, irrespective of any ambiguities or inconsistencies which may appear in the will or codicils. *See In re Estate of Douglas*, 65 Wn.2d 495, 398 P.2d 7 (1965); *In re Estate of Green*, 46 Wn.2d 637, 283 P.2d 989 (1955).

This being the intent of the testator, the formula for apportionment of the taxes, attorney's fees, costs and debts of the estate cannot include the joint accounts in question since the formula is applicable, by its terms, only to property passing under the will and codicils.

The judgment is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HALE, STAFFORD, WRIGHT, and UTTER, JJ., and MIFFLIN, J. Pro Tem., concur.