47 Wn.2d 23 (1955)
286 P.2d 691
In the Matter of the Estate of ELLA C. LEMON, Deceased.
ERNEST RICHARD LEMON, Appellant,
v.
THE NATIONAL BANK OF COMMERCE OF SEATTLE, as Executor, et al., Respondents.[1]
No. 33128.
The Supreme Court of Washington, Department One.
July 21, 1955.
*24 Ryan, Askren & Mathewson, for appellant.
Halverson & Applegate, Alan A. McDonald, and George M. Martin, for respondents.
FINLEY, J.
This appeal involves the validity of a trust set up by the will of Ella C. Lemon, deceased. The testatrix died on October 31, 1950, and her will was admitted to probate on November 2, 1950. After a number of specific bequests, the testatrix left the residue of her estate to The National Bank of Commerce of Seattle, in trust for the Yakima Valley Memorial Hospital Association. In the third paragraph of the will, the testatrix named Ernest Richard Lemon, her adopted son, and specifically left him nothing, stating that she had otherwise provided for him.
On May 5, 1953, the executor, The National Bank of Commerce of Seattle, filed a petition with the superior court of Yakima county, praying for the determination of heirs, distribution of the estate, and discharge of the executor. To this petition, Ernest Richard Lemon filed an objection and petitioned for the construction of the will. The executor and trustee (The National Bank of Commerce of Seattle) and the beneficiary (the Yakima Valley Memorial Hospital Association) demurred to the petition on the ground that it failed to plead facts sufficient to constitute a cause of action. This demurrer was sustained by the trial court, and the petition was dismissed. This appeal from the order sustaining the demurrer and from the dismissal followed.
The appeal raises two questions of law: whether the residuary clause of the will violates the rule against perpetuities; and in the alternative, the rule against undue postponement of direct enjoyment. The significant portions of the will read as follows:
"IV ...
"(j) All of the rest, residue and remainder of my property of whatsoever kind and character and wherever situate, I give, bequeath and devise to the National Bank of Commerce of Seattle, a National Banking Association, IN TRUST NEVERTHELESS, for the uses and purposes as follows:"
*25 The next paragraphs, following the granting clause, enumerate the trustee's powers, which are very extensive and consist of the power to sell, mortgage, encumber, exchange, and invest the corpus at its discretion. The will then provides (paragraph IV (j) 5. a.) for the distribution to the beneficiary:
"a. My said trustee shall pay annually the net income of said trust estate to the Yakima Valley Memorial Hospital Association, together with $2,500.00 annually from the principal of said trust. In the event that it shall be impossible for my said trustee to make payments to said Yakima Valley Memorial Hospital Association by reason of the dissolution of said Association or its ceasing to exist without a suitable successor, then and in that event my said trustee shall make said payments to some other suitable charitable organization in its full discretion."
Appellant argues that no estate is presently vested, since there are no express words of gift to the beneficiary, and the distribution is to be made in installments in the future. The appellant urges that it will require approximately sixty years to distribute the corpus of the trust (about $150,000), and that there being no measuring life, the estate must vest within twenty-one years from the moment of the death of the testatrix; in other words, that the rule against perpetuities is violated.
[1] The problem involved has been before this court repeatedly. In Betchard v. Iverson, 35 Wn. (2d) 344, 348, 212 P. (2d) 783 (1949), we said:
"The rule against perpetuities prohibits the creation of future estates which, by possibility, may not become vested within a life or lives in being at the time of the testator's death and twenty-one years thereafter."
See Kendall v. Kendall, 43 Wn. (2d) 418, 261 P. (2d) 422 (1953); Gray, The Rule Against Perpetuities 191 (4th ed. 1942), § 201.
[2] We have stated that it is not a rule of construction but a positive rule of law; Betchard v. Iverson, supra, p. 348. It applies equally to legal and to equitable estates. Deacon v. St. Louis Union Trust Co., 271 Mo. 669, 197 S.W. 261 (1917); Tramell v. Tramell, 162 Tenn. 1, 32 S.W. (2d) 1025, 35 S.W. *26 (2d) 574 (1931); Gray, The Rule Against Perpetuities 250 (4th ed. 1942), § 245.2. In the case of either legal or equitable estates, the rule is concerned with the vesting of estates, not with possession and enjoyment; Betchard v. Iverson, supra, p. 350.
[3] To decide whether the rule has been violated in the instant case, the challenged part of the will must be construed. It is obvious that the legal title vested at once in the trustee. This is not disputed by the appellant, and the only question is whether the equitable title vested in the beneficiary. We said in In re Quick's Estate, 33 Wn. (2d) 568, 573, 206 P. (2d) 489 (1949), that
"It is a well-settled and just rule that the law favors the early vesting of estates."
[4] And in Horton v. Board of Education of the Methodist Protestant Church, 32 Wn. (2d) 99, 109, 201 P. (2d) 163 (1948), we said:
"In construing a will, the supreme purpose is to ascertain the actual intent of the testator, and that should be ascertained whenever possible from the language of the will itself, unaided by extrinsic facts."
See, also, Shufeldt v. Shufeldt, 130 Wash. 253, 227 Pac. 6 (1924).
Construing the will in the light of the above rules, we see that the testatrix did not intend to leave any part of her estate to the appellant, for whom she had made other provisions. The testatrix left the bulk of her estate for the benefit of the Hospital Association. The direction to the trustee to pay annually the net income of the trust, together with a part of the corpus, leaves no doubt that the testatrix intended a present vested gift of the equitable estate.
Appellant relies on the divide-and-pay rule which was discussed by us in Shufeldt v. Shufeldt, supra, and which was applied in Denny v. Hyland, 162 Wash. 68, 297 Pac. 1083 (1931). The Denny case is clearly distinguishable, since the trust there involved gave the trustee discretion to pay out or to accumulate the income and to determine the time and extent of distributions, as well as the duration of the *27 trust. The payments were to be made to a class, the members of which could not be ascertained in advance; thus, there was no possibility of a present vesting of the interest, and the rule against perpetuities was violated. In the will under construction in the case at bar, the beneficiary is ascertained and in existence; the trustee has no discretion, but must pay the entire income to the beneficiary, and the duration of the trust is easily ascertainable.
[5] The appellant's contention, that the provision for a contingent gift to a suitable charity in the event that the beneficiary ceased to exist indicates that the testatrix did not intend a present gift, is without merit. It is well settled that a contingent gift over does not affect the vested character of an estate. Colonial Trust Co. v. Waldron, 112 Conn. 216, 152 Atl. 69 (1930), cited by us with approval in In re Quick's Estate, supra.
A trust very similar to the one established by Mrs. Lemon's will was construed by the supreme judicial court of Maine in Bancroft v. Maine State Sanatorium Ass'n, 119 Me. 56, 109 Atl. 585 (1920). The grantor conveyed a considerable estate to trustees with the instruction to pay out the entire net income to the beneficiary under the condition that it was free from debts. The corpus was to be paid over to the beneficiary at the end of forty years. The court said there was no doubt about the validity of the trust as between the grantor and the beneficiary, and further said:
"In the case at bar there was no postponement so far as the trustees and the Association were concerned. Upon the delivery of the securities to the trustees and the execution of the declaration of trust by them, the legal title at once vested in them and the beneficial title in the Association. True the legal title was to remain in the trustees or their successors for a period of forty years before it could be conveyed to the beneficiaries, and then only on the prescribed conditions as to freedom from indebtedness. But that fact did not offend the rule against perpetuities. It is the time of vesting and not the period of continuance, it is the beginning and not the ending which concerns that rule."
[6] The present case is even stronger, since there are no conditions precedent to the payment of the income of the *28 trust to the beneficiary. The instant case is controlled by In re Quick's Estate, supra, and In re Galland's Estate, 103 Wash. 106, 173 Pac. 740 (1918), where we held that, if the intent of the testator is clearly ascertainable and a present estate was intended, the rule against perpetuities was not violated. In the case at bar, we hold that a present, equitable estate vested in the beneficiary, and thus the rule against perpetuities is not violated.
The trust set up in Mrs. Lemon's will is to continue for a definite period, which, in view of her intended purpose, is reasonable. At the end of the period, the entire corpus will vest in the beneficiary. The property conveyed in trust is not tied up or withdrawn from commerce, since the trustee is given full powers of alienation. Inasmuch as the trust does not violate any rule of law or public policy, the trial court did not err in sustaining the demurrers to the appellant's petition.
The action of the trial court is hereby affirmed in all respects.
HAMLEY, C.J., SCHWELLENBACH, DONWORTH, and OTT, J.J., concur.
NOTES
[1] Reported in 286 P. (2d) 691.