[No. 33731. Department Two. June 6, 1957.]

ANN C. ABBOTT, *Appellant*, v. EVERETT TRUST AND SAVINGS BANK, *Respondent*.[1]

[1]Reported in 312 P. (2d) 203.

*Clarke, Stone & Hoover*, for appellant.

*Leslie R. Cooper*, for respondent.

WEAVER, J.—Plaintiff prays that the residue of an estate, in defendant's possession as testamentary trustee, be delivered to her. The gravamen of plaintiff's theory is that the testamentary trust is invalid.

A demurrer was sustained to plaintiff's complaint and the action dismissed. Plaintiff appeals.

Decedent died testate. Her furniture, household goods, and personal effects were bequeathed to her daughter. The executor was authorized to sell any real property. After payment of her just debts, the remainder was to be distributed to the Everett Trust and Savings Bank as trustee. The will provides:

"The trustee is hereby directed to pay to my daughter the sum of $100.00 per month as long as she shall live. That in event of a grave emergency, of which the Trustee shall be the sole judge, the Trustee may pay to my daughter or for my daughter's benefit such portion of the trust as it shall deem necessary for her welfare."

The trustee is directed to invest and reinvest the trust funds. It has broad management powers and complete discretionary powers in carrying out its duties as trustee.

The testamentary trust does not dispose of the remainder of the trust fund, if any, after the termination of the particular estate. From this fact, plaintiff, as sole heir of decedent, argues (a) that the trust violates the rule against perpetuities; (b) that the trust provisions are too indefinite and vague to be possible of accomplishment; and (c) that a portion of the trust results to her, because the corpus of the trust is more than sufficient to pay her one hundred dollars per month during her lifetime, based upon her life expectancy.

The rule against perpetuities is concerned with the *vesting* of estates, not with possession and enjoyment. *In re Lemon's Estate*, 47 Wn. (2d) 23, 26, 286 P. (2d) 691 (1955), and cases cited.

Although it is the policy of the law to favor interpretations that result in a decedent dying testate rather than intestate, courts will not torture the meaning of a will to wring from it a conclusion that decedent purported to dispose of certain property by will when, in fact, the contrary appears. We are bound by statute to give effect to the true intent and meaning of the testator. RCW 11.12.230.

Decedent did not purport to dispose of the remainder of the trust estate. As to this remainder, decedent died intestate; and, by virtue of the statute, the remainder vested immediately upon decedent's death in her heirs, subject to the right of possession by the trustee and enjoyment by the beneficiary during the lifetime of the beneficiary. This does not violate the rule against perpetuities.

The subject matter of this trust is personal property, mostly cash. When the subject matter is real property, the policy of the law in this jurisdiction, under somewhat similar facts, has been established by statute for many years. RCW 11.12.180 provides:

"If any person, by last will, devise any real estate to any person for the term of such person's life, such devise vests in the devisee an estate for life, and without the demainder [sic] is specially devised, it shall revert to the heirs at law of the testator."

The fact that the subject matter of this trust is personal property and the fact that plaintiff is decedent's sole heir do not change the rule. An active trustee has been inserted between them for the protection and management of the trust fund. The remainder of the trust descends and must be distributed in the same manner as the estate of an intestate, subject, of course, to the terms of the trust.

We find no merit in plaintiff's contention that the terms of the trust are "too indefinite, vague and impossible of performance." Decedent's will did not become effective until her death. Thereupon, plaintiff became entitled to

one hundred dollars per month. Decedent did not choose to direct whether the monthly payments were to be made from income, principal, or both. The discretionary powers granted to the trustee are sufficiently broad to authorize payment from such portion of the trust as it may elect. The entire trust cannot be read without concluding that the phrase, "grave emergency," applies to urgent and unusual necessities which may require additional funds for the welfare of plaintiff.

There might be merit to plaintiff's third contention were it not for the fact that the trustee has the authority to pay to the daughter, or for her benefit, such portion of the trust as it deems necessary for her welfare, in the event of "grave emergency"; but we need not decide this question. Should we adopt plaintiff's theory, it would be impossible for the trustee to carry out the express terms of the trust. We will not thwart decedent's express intention.

The judgment is affirmed.

HILL, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.