[No. 35746.    Department One.    August 31, 1961.]

*In the Matter of the Estate of* Winifred L. Soesbe, *Deceased.**

*Hoof, Shucklin & Harris,* by *Gerald Shucklin,* for appellants.

*Burgunder, Flanders & Trolson* and *Macbride, Matthews & Hanify,* for respondents.

Foster, J.—This is an appeal by the testamentary beneficiaries of H. E. Soesbe in a proceeding to construe his will from a decree awarding the balance of a testamentary trust to the testamentary beneficiaries of Soesbe's widow. The basis of the decree was that paragraph No. 4[1] of the will created a vested remainder in the testator's wife.

*Reported in 364 P. (2d) 507.

---

[1]"I hereby give, devise and bequeath the rest, and residue of my estate consisting of and limited to my community interest in any stocks, bonds, mortgages, contracts or investments owned by me at the time of my death unto the Peoples National Bank of Washington,

The Peoples National Bank was the trustee; the purpose of the trust[1] was to pay the testator's sister two hundred dollars a month for life. The will provided that, if the sister should die before the testator's wife, the balance of the trust should be paid to the wife. However, Mrs. Soesbe predeceased the beneficiary.

The trustee, being in doubt as to the disposition of the balance in the trust, sought the court's instructions.

Pursuant to citations, all parties in interest are before the court. The trial court held the wife had a vested interest in the trust, and decreed the payment of the trust balance to her testamentary beneficiaries. The testator's beneficiaries appeal, and claim that the testamentary intent was that the testator's widow should have the balance only if she survived the beneficiary (the sister) and that, because the beneficiary survived the widow, the balance reverted to the estate of the testator and goes by intestacy to his heirs. The respondents (the widow's heirs and the trustee, the bank) urge that the decree should be affirmed because the quoted paragraph of the will created a vested remainder. Such was the theory adopted by the trial court.

Upon the authority of our cases collected in the margin,[2] respondents contend that a vested remainder was created in the wife by paragraph No. 4 of the will and passed to her heirs.

---

Main Branch, Seattle, Washington, in trust for the use and benefit of my sister, Minnie M. Dewar, with instructions to such trustee that the sum of $200.00 per month be paid to such beneficiary from the principal and interest of the trust fund, during the life of the beneficiary, or until such time as the corpus of such fund shall be exhausted; that any extraordinary doctor bills, hospital bills, board and room in sanitariums or rest homes or other expenses which might prevent her from enjoying the benefits of the monthly payment herein provided, shall in the discretion of the trustee be paid in addition to the monthly payments. In the event that such beneficiary shall pass away prior to the exhaustion of the corpus of the trust fund, the residue shall then be paid to my aforesaid wife, Winifred L. Soesbe."

[2]*In re Tipp's Estate*, 54 Wn. (2d) 585, 343 P. (2d) 566; *In re Lemon's Estate*, 47 Wn. (2d) 23, 286 P. (2d) 691; *In re Johnson's Estate*, 46 Wn. (2d) 308, 280 P. (2d) 1034; *In re Quick's Estate*, 33 Wn. (2d) 568, 206 P. (2d) 489; *Shufeldt v. Shufeldt*, 130 Wash. 253, 227 Pac. 6.

On the other hand, appellants contend, upon the authority of *Horton v. Board of Education of the Methodist Protestant Church*, 32 Wn. (2d) 99, 201 P. (2d) 163, that the reversionary interest in the remainder of the trust was contingent and lapsed upon the death of the testator's widow, and, therefore, passed to the heirs of the testator.

■ Both arguments overlook the primary rule that the construction of a will, including testamentary intent, is a question of fact to be decided upon the relevant evidence and not by technical rules of law. *Burtman v. Butman*, 97 N. H. 254, 85 A. (2d) 892. The will expresses a plain testamentary intention that the balance falls within the residuary provisions of paragraph No. 6 of the will which is as follows:

"In the event that both my wife and sister should predecease me then I give, devise and bequeath my entire estate in two equal shares as follows: One share thereof to my aforesaid brother-in-law, C. V. Cave of Green, Iowa if he survives me, if not to his lineal descendants per stirpes; the other share thereof in eight equal shares as follows: LEETA LAMB, one share; FLORENCE LAMB, one share; PEARL OSGOOD, one share; MR. & MRS. WALTER BAXTER, one share; MRS. VIRGINIA COOK, one share; MRS. WALTER HARRIS, one share; MRS. ALMA WARD, one share; MRS. BLANCHE CLARK, one share; or to the survivors thereof."

■ The correct view was expressed by the supreme court of New Hampshire in *Hayward v. Spaulding*, 75 N. H. 92, 71 Atl. 219, as follows:

". . . 'Upon the rule of testamentary interpretation established in this state, it is immaterial whether the doctrine of remainders is correctly or incorrectly applied. . . . Whatever that doctrine may be and however it may be applied, it does not set aside the supreme rule that the interpretation of a will is the ascertainment of the testator's intention. If it upholds the intention disclosed by the terms of the will in this case, it is useless; if it does not uphold it, it is equally useless, as it cannot break the will.' "

RCW 11.12.230 provides:

"All courts and others concerned in the execution of last wills shall have due regard to the direction of the will,

and the true intent and meaning of the testator, in all matters brought before them."

Our decisional law is in accord and many of the cases are collected in *In re Tipp's Estate,* 54 Wn. (2d) 585, 343 P. (2d) 566.

■ The will evidences a careful attempt to dispose of the testator's entire estate with a view to all possible contingencies. He had three separate schemes depending upon (1) whether his wife and sister survived him, (2) whether his wife predeceased him, or (3) whether his wife and sister predeceased him. The only uncontemplated contingency was the one which developed—that his wife, as a remainderman of a life estate, would die before the termination of the life estate.

From the pattern of these three separate plans, the testator intended in the present contingency to distribute his estate beyond either his own life or that of his wife's relatives. He specifically devised and bequeathed his interest in the home, the furnishings, the car and the bank accounts to his wife. If she predeceased him, he made alternative provisions which contemplated specific bequests to his brother-in-law, his heirs and some friends, as well as the life estate to his sister if she survived him. The testator did not choose to allow his property to pass by intestacy in the event his wife and sister predeceased him. Therefore, we must conclude he did not intend any remaining trust corpus to revert to his estate and to pass by intestacy to his heirs. The appellants' contention does not find support within the scheme of the will. The testator was not so unsolicitous of his wife's heirs. His specific bequests, contingent upon his wife's and sister's deaths, include his brother-in-law and his brother-in-law's lineal descendants, who became the heirs of his wife upon her death. Likewise, he was aware that his wife's will left almost all of her property to him. If he predeceased her, this bequest would lapse and the estate would go to her heirs. But he also made specific bequests to his relatives and friends contingent upon the death of his wife and sister. Had he

wanted to care for only his wife's heirs, he could have made his contingent bequests much simpler. This he chose not to do. By the very complexity and precision with which these contingent bequests were drawn, the testator evidenced an intent to distribute his estate beyond either his own life or that of his wife's relatives. It is the court's duty to preserve this intent.

This intent is precisely expressed in the provision for distribution of the remaining trust corpus in will paragraph No. 6 previously quoted.

The judgment of the trial court is reversed. This cause is remanded for further proceedings consistent with his opinion.

FINLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.