[No. 188-3.    Division Three.    November 30, 1970.]

THE OLD NATIONAL BANK OF WASHINGTON, *as Executor, Respondent*, v. MICHAEL K. DAMON, *as Guardian, Appellant.*

*Fred Shelton,* for appellant.

*Howard T. Tustin,* for respondent.

EVANS, C. J.—This is an action by the respondent bank, as executor of the 'estate of Clara A. Bauman, deceased, to recover from the appellant, as guardian of the estates of his three minor daughters, who are also the children of decedent's daughter, Peggy Damon, a prorated share of the federal estate tax paid by the executor on the estate of said deceased.

The testatrix, Clara A. Bauman, left an estate with an adjusted gross valuation of $306,521.43.

Under the terms of the will of Clara A. Bauman, deceased, her son, Donald D. Bauman, received all the farmland of which she died seized, and her daughter, Peggy Ann Damon, was bequeathed the remainder of her estate, which consisted primarily of stocks and bonds. Based upon the appraised value of the property, the son received approximately 55 per cent of the total estate devised and bequeathed, and the daughter received approximately 45 per cent.

The face amount of the insurance policy upon the life of deceased, Clara A. Bauman, was $25,000, payable upon her death to her daughter Peggy Damon, and three of Peggy's children, Margie, Ginger and Sally Damon in equal one-fourth shares, *i.e.,* $6,250. The total estate tax was $56,607.65, and the prorated share which the trial court found each minor beneficiary of the insurance policy should pay was $1,154.24.

Respondent based its claim upon Int. Rev. Code of 1954, § 2206, which provides:

Unless the decedent directs otherwise in his will, if any part of the gross estate on which tax has been paid consists of proceeds of policies of insurance on the life of the decedent receivable by a beneficiary other than the

executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the sum of the taxable estate and the amount of the exemption allowed in computing the taxable estate, determined under section 2051. If there is more than one such beneficiary, the executor shall be entitled to recover from such beneficiaries in the same ratio.

As an affirmative defense the defendant alleged that the last will and testament of Clara A. Bauman "directs otherwise" for the payment of federal estate taxes, placing liability for their payment upon the two devisees named in her will.

The trial court found as a conclusion of law that section 2206, *supra*, was "totally applicable to the facts as presented", but made no finding of fact as to whether or not the will of Clara A. Bauman, deceased, "directs otherwise" within the meaning of that section.

Defendant assigns error (1) to the refusal of the trial court to make such a finding of fact, and (2) to the conclusion of law that section 2206, *supra*, is "totally applicable".

Although a finding of fact that the will of Clara A. Bauman, deceased, did or did not "direct otherwise" should have been made (CR 52(a)(1)), it clearly appears from the record that before the trial court could find section 2206, *supra*, "totally applicable to the facts as presented", it necessarily had to be of the opinion that paragraph 7 of decedent's will did not "direct otherwise". The will was before the court, the facts were not in dispute, the issue was sharply drawn and argued extensively, and the trial court's conclusion that section 2206, *supra*, is "totally applicable" clearly indicates the basis for its decision. It would be a useless act and undue consumption of the court's time to remand the case to make a formalized finding. This is particularly true in view of the fact we find the trial court was in error in concluding as a matter of law that section 2206, *supra*, is "totally applicable to the facts as presented . . ."

We find the only part of section 2206, *supra*, applicable to

the facts as presented is the phrase: "Unless the decedent directs otherwise in his will, . . ."

Paragraph 7 of the will of Clara A. Bauman, deceased, provides:

> I direct that the Federal Estate Tax . . . to be payable during the administration of my estate shall be prorated between that share from my estate that my said son shall receive and the share of my estate that my said daughter will receive, that is to say, that said Taxes shall be paid in the same proportion that the valuation of property distributable to each bears to my entire estate.

■ The fundamental rule in the construction of wills is that the intention of the testator is the controlling factor; and it, therefore, becomes the duty of the court to ascertain, if possible, from the terms of the will itself, the true intent of the testator and give it effect, if legally permissible. *In re Estate of Lidston,* 32 Wn.2d 408, 202 P.2d 259 (1949).

There is no ambiguity in the first phrase of paragraph 7 of decedent's will, which provides:

> I direct that the Federal Estate Tax . . . computed to be payable during the administration of my estate shall be prorated between that share from my estate that my said son shall receive and the share of my estate that my said daughter will receive, . . .

The share of her estate received by the son under terms of the will was, in terms of value, approximately 55 per cent, and the share received by the daughter was approximately 45 per cent. By the language above quoted, the testatrix expressed a clear intent that the federal estate taxes computed to be payable during the administration of her estate be prorated between the son and daughter in that same proportion. It is undisputed that the federal estate taxes so computed totaled $56,607.65.

■ Respondent does not contend the above quoted phrase, standing alone, means otherwise, it being respondent's contention that an ambiguity was created by the testatrix when she further provided:

> . . . that is to say, that said Taxes shall be paid in the

same proportion that the valuation of property distributable to each bears to my entire estate.

Respondent would construe this phrase to mean that in using the words "my entire estate" the testatrix intended to include proceeds of the insurance policy in question, with the result that the proportion of taxes payable by the son would be slightly less than 55 per cent, the daughter slightly less than 45 per cent, and the insurance beneficiaries the remaining fraction of 1 per cent. We disagree. In view of the clear intention expressed in the preceding phrase it is more reasonable to interpret the words "my entire estate" as meaning the entire estate then being devised by will than it is to interpret them to mean the entire estate including taxable property not devised by will. The intention of the testatrix is not to be gathered by placing undue emphasis on any particular word or phrase, but is to be gathered from an examination of the paragraph as a whole, viewed in the light of the surrounding circumstances concerning the testatrix, the amount of her estate, and the persons named as devisees. *Johnson v. McClure,* 5 Wn.2d 123, 104 P.2d 962 (1940); *In re Estate of Lotzgesell,* 62 Wash. 352, 113 P. 1105 (1911); *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 P. 6 (1924).

Finally, in determining the intent of the testatrix it must be assumed she had some purpose in making the provisions contained in paragraph 7 regarding the payment of the federal estate taxes computed to be payable during the administration of her estate. If respondent's contention is accepted it would mean the testatrix went to considerable length to direct that the liability for payment of those taxes be the same as would apply if she made no provision whatsoever. In other words, had Clara A. Bauman, deceased, made no provision in her will regarding the payment of federal estate taxes, the executor would be entitled to recover from beneficiaries under the insurance policy in question, such portion of the total tax paid as the proceeds of such policy bore to the sum of the taxable estate. We can-

not believe that was the purpose or intent of the testatrix in making special provisions for federal estate tax liability.

Judgment reversed.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied January 8, 1971.