[No. 6745-5-II. Division Two. May 28, 1985.]

*In the Matter of the Estate of*
AGNES DE PUY SMITH.

*Douglas V. Alling,* for appellant.

*Lawrence R. Ghilarducci, Jr.,* for respondent Smith.

*Charles I. Stone,* for respondent Wiek.

REED, J.—This appeal involves a single question of fact: Did the testator intend to designate alternate remainder beneficiaries of a testamentary trust if, as occurred, the designated remainderman predeceased the life beneficiary? Because we do not find such an intent in the will and codicils of Agnes de Puy Smith, we affirm the trial court's judgment awarding the remainder interest to the beneficiary of the will of the designated remainderman, J. O. Wiek.

Agnes de Puy Smith, a widow, died without issue on January 24, 1981. With the aid of an attorney, she had executed a will on March 24, 1976, and a codicil on November 16, 1976. The will contained a bequest to Jeffry O. Wiek, as follows:

> FOURTH: I give to J. O. WIEK of Tacoma, Washington, my work bench, tools and guns, and I authorize J. O. WIEK to dispose of the rest of my personal belongings in such manner as I shall have discussed with him prior to my death, or in such manner as I may instruct him by letter. My co–Executors are to rely completely upon the direction of J. O. WIEK in disposing of all remaining items of furniture, furnishings and personal belongings.

In paragraph 9 of her will, Mrs. Smith devised and bequeathed the residue of her estate to Mr. Wiek as trustee. Smith's brother, a legal incompetent, was given a life estate, with the remainder disposed of as follows:

> Upon the death of my brother, HIRAM DE PUY, the then remainder of the trust estate shall be distributed by the Trustee to himself so that this remainder shall become the sole and separate property of J. O. WIEK.

On June 9, 1979, without the aid of an attorney, Mrs. Smith executed a second codicil. In the second codicil she made specific bequests to six people, one of whom was Eleanor Burks. In addition, the second codicil provided:

> In case J. O. WIEK should predecease me, then everything willed to him to go to Mrs. Burks and her two children (under her discretion).

Neither the will nor the first codicil made any provision for Mrs. Burks or her children.[1]

Mr. Wiek died on April 24, 1982, before the settlement of Mrs. Smith's estate. The executor of her estate petitioned the superior court to determine the remainder beneficiary of the testamentary trust.

The trial court found that Mrs. Smith intended the phrase "everything willed to J. O. Wiek" in her second codicil to refer only to the specific bequests, of her workbench, tools, and guns, in paragraph 4 of her will. The court also found that Mrs. Smith intended that the remainder interest vest in J. O. Wiek upon her death, subject only to his having survived her. Accordingly, the court awarded the remainder interest to James L. Wiek, J. O. Wiek's sole testamentary beneficiary.

On appeal, Mrs. Burks argues that the phrase "everything willed to J. O. Wiek" in Mrs. Smith's second codicil referred both to the specific bequests in paragraph 4 of the will and also to the remainder interest described in paragraph 9. She also argues that in the second codicil Mrs.

---

[1]Hereafter for convenience we refer to Mrs. Burks and her children collectively as Mrs. Burks.

Smith manifested the intent to designate Mrs. Burks as the remainderman if Mr. Wiek predeceased Hiram de Puy, the life beneficiary.[2]

■■ Our purpose and duty in construing a will is to give effect to the testator's intent. *In re Estate of Bergau,* 103 Wn.2d 431, 435, 693 P.2d 703 (1985). When possible, such intent should be ascertained from the language of the will itself and by considering the will in its entirety. *In re Estate of Bergau,* 103 Wn.2d at 435. Similarly, in searching for the testator's intention, a codicil and will should be construed together. 4 W. Bowe & D. Parker, *Page on Wills* § 30.10, at 84 (1961). *See* 79 Am. Jur. 2d *Wills* § 680 (1975).

We find that Mrs. Smith intended that the phrase "everything willed to J. O. Wiek" in her second codicil should refer both to the bequests in paragraph 4 and also to the bequests and devises in paragraph 9 of her will.[3] This is the plain meaning of the language, which is one guide to finding the testator's intent. *See Anderson v. Anderson,* 80 Wn.2d 496, 499, 495 P.2d 1037 (1972). The phrase, couched in language resembling a residuary clause, departs from the pattern established by the six specific bequests Mrs. Smith made in the second codicil. This also suggests that by the phrase Mrs. Smith was not merely referring to the specific bequests described in paragraph 4.

The trial court found that Mrs. Smith's failure to appoint an alternate trustee to serve in lieu of Mr. Wiek supported the view that, by "everything willed to J. O. Wiek," she was

[2]Hiram de Puy did not appeal from the court's decision. We note that Mrs. Smith's careful testamentary scheme and the presumption favoring testacy make his estate an unacceptable remainderman. *See In re Estate of Riemcke,* 80 Wn.2d 722, 728–29, 497 P.2d 1319 (1972); *In re Estate of Soesbe,* 58 Wn.2d 634, 637, 364 P.2d 507 (1961).

[3]Because the only evidence presented at trial consisted of documents and depositions, we are not bound by the trial court's findings of fact, including the findings regarding the testator's intent. *See Faucher v. Burlington Northern, Inc.,* 24 Wn. App. 711, 712–13, 603 P.2d 844 (1979), *review denied,* 93 Wn.2d 1013 (1980). *See also In re Estate of Larson,* 71 Wn.2d 349, 353–54, 428 P.2d 558 (1967).

not referring to the remainder interest in the trust. It could be argued that the latter phrase referred both to a legal interest in the trust and also to the remainder interest, resulting in Mrs. Burks' appointment as alternate trustee. However, because Mrs. Smith drafted and executed the second codicil without the aid of an attorney, it is reasonable to believe that her failure to appoint an alternate trustee simply was an oversight. This is indicated further by her failure to appoint an alternate trustee of the "secret trust" she established in paragraph 4 of the will. Thus, her failure expressly to appoint an alternate trustee of the trust established in paragraph 9 does not necessarily indicate that she intended the phrase "everything willed to J. O. Wiek" to refer only to the paragraph 4 bequests. We are persuaded that Mrs. Smith also intended the phrase to apply to the paragraph 9 remainder interest.

However, we affirm the trial court's conclusion that the remainder interest should be distributed to the estate of J. O. Wiek rather than to Mrs. Burks. When a testator's intent is clear, we will give effect to that intent, even when the ordinary or legal meaning of the testator's language in a particular portion of the will instructs otherwise. *See In re Estate of Griffen*, 86 Wn.2d 223, 227, 543 P.2d 245 (1975); *In re Estate of Riemcke*, 80 Wn.2d 722, 728–31, 497 P.2d 1319 (1972); 4 W. Bowe & D. Parker, *Page on Wills* § 30.11 (1961). It is also the rule, however, that a clear manifestation of an intention to devise or bequeath can only be cut down by an equally clear manifestation of a contrary intent. 4 W. Bowe & D. Parker, *Page on Wills* § 30.10, at 83 (1961). We do not find in Mrs. Smith's will or codicils a clear manifestation of her intention to condition her testamentary gift to Mr. Wiek upon his survival of the life beneficiary, Hiram de Puy.

Where, as here, a testator has provided, in unambiguous language, that under a particular circumstance one beneficiary should substitute for another, we cannot presume that the testator intended such a substitution under different circumstances. *See* 4 W. Bowe & D. Parker, *Page on Wills*

§ 30.7 (1961). Although we must endeavor to give effect to the testator's subjective intent, *see In re Estate of Quick,* 33 Wn.2d 568, 581, 206 P.2d 489 (1949); 4 W. Bowe & D. Parker, *Page on Wills* § 30.4 (1961), we cannot make a new will for her. *See Anderson v. Anderson,* 80 Wn.2d at 499; *In re Estate of Quick,* 33 Wn.2d at 581; *In re Estate of Wilson,* 8 Wn. App. 519, 522–23, 507 P.2d 902, *review denied,* 82 Wn.2d 1010 (1973). Mrs. Smith's wills and codicils do not provide a sufficient basis for us to find that she intended, under the circumstances that transpired, to give the remainder to Mrs. Burks.

Appellant argues that the decision in *In re Estate of Soesbe,* 58 Wn.2d 634, 364 P.2d 507 (1961) supports a finding that the second codicil indeed manifests Mrs. Smith's intent to devise and bequeath the remainder interest to Mrs. Burks if Mr. Wiek predeceased the life beneficiary. Her reliance upon *In re Estate of Soesbe* is misplaced. The testator's subjective intent is a question of fact. *In re Estate of Soesbe,* 58 Wn.2d at 636. Therefore, a court's finding of intent in one testator's will does not mandate an identical finding of intent in another testator's will merely because the wills contain similar provisions. *See* 4 W. Bowe & D. Parker, *Page on Wills* § 30.5, at 22 (1961). Moreover, the facts of the case at bench are not sufficiently similar to those in *In re Estate of Soesbe* to persuade us to follow the result in that case.

*In re Estate of Soesbe* involved a will drafted by an attorney. It appears the will established a trust, with the testator's sister as life beneficiary and his wife as remainderman.[4] The testator also provided that if his wife

---

[4]The will provided that, if the sister died before the trust corpus was exhausted, the residue would "then be paid" to the testator's wife. *In re Estate of Soesbe,* 58 Wn.2d at 634 n.1. This description normally creates a vested remainder in the wife, and the word "then" refers only to the time of enjoyment. *See Shufeldt v. Shufeldt,* 130 Wash. 253, 260, 227 P. 6 (1924). The opinion in *In re Estate of Soesbe* does not make clear whether Mr. Soesbe's will also specifically provided, in another paragraph, that the remainder interest should be paid to the wife only if she survived the sister. *See In re Estate of Soesbe,* 58 Wn.2d at 635.

predeceased him, the specific devises and legacies he made to her would pass to other beneficiaries. *In re Estate of Soesbe,* 58 Wn.2d at 637. If both his wife and his sister predeceased him, the entire estate would pass to beneficiaries designated in the will. *In re Estate of Soesbe,* 58 Wn.2d at 636. From this testamentary scheme, the court found the testator "intended"[5] that, if his wife predeceased the life beneficiary, the remainder interest would pass to friends and relatives the testator named in the will, rather than to his wife's estate. Thus, the testator's control of the remainder interest continued during his wife's life, until the remainder was transformed, through the death of the life beneficiary, into a present interest.

The sentence in Mrs. Smith's second codicil with which she gave Mrs. Burks "everything willed to J. O. Wiek" if he predeceased Mrs. Smith is the only evidence that she intended to control the remainder interest until the termination of the life estate. Unlike Mr. Soesbe's will, Mrs. Smith's will and codicils do not provide a pattern showing the testator's intent to exert such control. Without a clear indication that Mrs. Smith intended, by her second codicil, to control the remainder interest until the death of the life beneficiary, we will not ignore the clear expression in the will of her intent to give Mr. Wiek an indefeasibly vested remainder in the trust. *See* 4 W. Bowe & D. Parker, *Page on Wills* § 30.10, at 83 (1961).

This result is consistent with the rules of construction that favor the early vesting and indefeasibility of remainder interests. *See Kjosness v. Lende,* 63 Wn.2d 803, 807–08, 389 P.2d 280 (1964). Such rules provide presump-

---

[5]Although generally it is the testator's subjective intent that is to guide the construction of a will, *Anderson v. Anderson,* 80 Wn.2d at 499; 4 W. Bowe & D. Parker, *Page on Wills* §§ 30.4, 30.7 (1961), Washington courts will give effect to the purposes and objectives the testator manifests in his will, even when the testator never contemplated the events that transpired and, thus, did not have a subjective testamentary intention with regard to those particular circumstances. *See In re Estate of Riemcke,* 80 Wn.2d at 729; *In re Estate of Soesbe,* 58 Wn.2d at 637.

tions about the testator's intent that serve as guides when, as here, the testator's contrary intention is not clear. *See In re Estate of Quick,* 33 Wn.2d at 573; *Shufeldt v. Shufeldt,* 130 Wash. 253, 261, 227 P. 6 (1924); 5 W. Bowe & D. Parker, *Page on Wills* § 43.3, at 340–41 (1962).

In *Shufeldt,* a complex will provided that, if the testator's daughter died without issue, one–fourth of a remainder interest in a trust should pass to the daughter's husband. The will gave the residue of the estate, also subject to the interest of a life beneficiary, to the testator's son. The testator's daughter died without issue. Her husband also died, predeceasing the holder of the life estate in the trust. A dispute arose over whether the son–in–law had taken a vested remainder in the trust that passed to his heirs, or whether his remainder interest lapsed when he died while the interest remained a futurity, thereby passing the interest to the residuary beneficiary, the son.

Although the *Shufeldt* court recognized that the rule of construction favoring the early vesting of remainders is but a presumption that gives way to a clear expression of a contrary intent, *Shufeldt,* 130 Wash. at 258–61, where no such contrary intent was manifested, the court applied the presumption and held that the son–in–law's remainder interest had vested, apparently upon the death of the testator's daughter. *Shufeldt,* 130 Wash. at 261, 269. Therefore, the remainder interest passed to the son–in–law's heirs rather than to the residuary beneficiary, the son.

Similarly, absent a clear manifestation of Mrs. Smith's intent to condition Mr. Wiek's remainder interest upon his survival until the termination of the life estate, we rely upon the presumption favoring the early vesting of remainders as an aid to ascertaining Mrs. Smith's intent. In accordance with this presumed intent, and with the intent manifest in paragraph 9 of the will, we hold that Mr. Wiek's remainder interest vested indefeasibly upon Mrs. Smith's death. *See Kjosness v. Lende,* 63 Wn.2d at 808–13.

Affirmed.

WORSWICK, C.J., and PETRICH, J., concur.