[No. 22059–4–I.   Division One.   May 30, 1989.]

*In the Matter of the Estate of*
VICTOR F. FLEISCHMAN.

THE ESTATE OF VICTOR F. FLEISCHMAN, *Respondent*, v.
RICHARD V. FLEISCHMAN, *Appellant.*

*Robert S. Egger,* for appellant.

*Albert M. Franco,* for respondent Estate of Victor F. Fleischman.

*Theodore M. Rosenblume* and *Catherine Ditkoff,* for respondent Sinclair.

WINSOR, J.—Richard Fleischman (Richard) appeals from an order requiring that a Totten trust recipient bear the trust's pro rata share of estate tax liability. He contends the trial court misconstrued the tax clause at issue. We affirm.

Victor F. Fleischman (Victor) died testate in 1987. In addition to property passing under the will, Victor's taxable estate included a $412,000 bank account established by Victor, naming himself as trustee for Richard. This account (hereinafter Totten trust) passed directly to Richard upon Victor's death. The co-executors of Victor's will could not agree whether estate taxes incurred on the Totten trust should be borne by the trust or by Victor's testamentary estate, and asked the court to resolve the issue. The trial court concluded that Victor's intent, as expressed in the tax clause of his will, was that the Totten trust should bear its pro rata share of estate tax liability. The tax clause provides:

> I authorize my executor to pay out of the assets of my estate, all costs and expenses of the administration of my estate and all general estate taxes and state inheritance taxes which may lawfully be imposed upon my estate or any beneficiary thereof on account of bequests made herein.

The principal issue on appeal is whether the trial court correctly construed Victor's will. In construing a will, the following general rules apply. First, courts seek and give effect to the testator's intent, plan or scheme. Second, the testator's intent, plan or scheme is determined from the four corners of the will, if possible. Third, a provision of a

will is construed in light of the entire instrument. *In re Estate of Johnson,* 46 Wn.2d 308, 312, 280 P.2d 1034 (1955); *accord, In re Estate of Lidston,* 32 Wn.2d 408, 414–16, 202 P.2d 259 (1949); *In re Estate of Smith,* 40 Wn. App. 790, 793, 700 P.2d 1181 (1985). Related to the third rule is the principle that:

> where the same words occur in different parts of a will and relate to the same subject matter, it will be presumed that they are used in the same sense wherever found in the will, unless the context discloses a contrary or different intention.

*Lidston,* 32 Wn.2d at 416.

Richard contends that when properly construed, the tax clause establishes Victor's intent that the probate estate would pay taxes imposed on property passing outside the will. Richard argues that the trial court misconstrued the tax clause because it overlooked the significance of the section providing that the estate bear all taxes imposed "upon my estate or any beneficiary thereof on account of bequests made herein." According to Richard, use of the disjunctive "or" establishes that Victor intended "my estate" to refer to his entire estate, including property passing outside of the will.

Richard's contention is not without legal support. When a tax clause includes a reference to "my estate," which precedes "or," which in turn precedes a reference to testamentary gifts or beneficiaries, "my estate" is frequently construed as including property passing outside of the will. *See generally* Annot., *Construction and Effect of Will Provisions Expressly Relating to the Burden of Estate or Inheritance Taxes,* 69 A.L.R.3d 122, § 20[b], at 296 (1976). Courts reaching this conclusion reason that it would be illogical to construe phrases preceding and following the disjunctive "or" as applying only to testamentary property, as this would cause one or more of the phrases to repeat the other. *See, e.g., Williams v. Stander,* 143 Colo. 469, 354 P.2d 492, 495–96 (1960); *In re Will of Harbord,* 197 Misc. 760, 95 N.Y.S.2d 407, 409 (1950); *see generally In re Estate*

*of Thomas,* 17 Wn.2d 674, 677, 136 P.2d 1017, 147 A.L.R. 598 (1943) (effect should be given to every part of a will).

■■ However, the language of the tax clause before us compels a different result. Unlike the tax clauses construed in the cases relied upon by Richard, Victor's tax clause contains three references to "my estate" within the same sentence. Two of these references unquestionably refer to Victor's probate estate. As noted above, words and phrases normally are construed consistently throughout a document. *Lidston,* 32 Wn.2d at 416. This rule seems particularly appropriate to multiple uses of the same phrase within one sentence. We therefore interpret Victor's tax clause as only governing taxes incurred on property passing under the will.

■ Two additional factors support our interpretation: the language of the clause after "or"; and prior Washington law interpreting "my estate." First, Victor's tax clause provides that "my estate" pay taxes "imposed upon my estate or any beneficiary thereof on account of bequests made herein." "[T]hereof," which follows "or", necessarily refers to the preceding words "my estate." The two sections therefore reference the same thing, namely, the testamentary estate. Second, absent some indication to the contrary, the phrase "my estate" refers to testamentary property, not to property passing outside a will.[1] *See Old Nat'l Bank of*

---

[1]Interestingly, there is a construction of Victor's tax clause that allows compliance with *In re Estate of Thomas, supra,* as well as with *Old Nat'l Bank of Wash. v. Damon,* 3 Wn. App. 721, 477 P.2d 29 (1970) and *Lidston.* Until January 1, 1982, two different types of taxes were imposed on the estates of Washington's deceased: (1) federal estate taxes imposed upon the corpus of the estate (a transfer tax); and (2) state inheritance taxes (an excise tax on the privilege of receiving property by inheritance) to be borne pro rata by the beneficiaries according to the total taxable estate each received. *See* former RCW 83.08.060; *In re Estate of Eberle,* 4 Wn. App. 638, 644, 484 P.2d 478 (1971); *see generally In re Estate of Heringer,* 38 Wn.2d 399, 405-06, 230 P.2d 297 (1951) (discussing the nature of federal estate taxes). By providing in his will that the estate would pay taxes imposed both on "my estate" and on "any beneficiary thereof," Victor could simply have been ensuring that his estate would bear both federal and state taxes imposed on property passing under the will. Such a construction is supported by the tax clause language immediately preceding the phrases at issue, *i.e.,* "I

*Wash. v. Damon,* 3 Wn. App. 721, 725, 477 P.2d 29 (1970) (interpreting "my entire estate"); *accord,* Annot., *supra,* 69 A.L.R.3d § 19.

Richard also contends that the trial court erred because it did not consider extrinsic evidence offered by Richard as an aid to interpreting Victor's will. We reject this contention. A testator's intent should be determined from the four corners of the will, and extrinsic evidence is not admissible to prove intent. *Lidston,* 32 Wn.2d at 418. This rule is even more strictly applied to a tax clause. In that situation, courts may not speculate as to a testator's intent, and "[t]he instrument as written must govern." *Seattle–First Nat'l Bank v. Macomber,* 32 Wn.2d 696, 702, 203 P.2d 1078 (1949) (quoting *Bemis v. Converse,* 246 Mass. 131, 140 N.E. 686, 687 (1923)).[2]

The order of the trial court is affirmed.

PEKELIS and FORREST, JJ., concur.

Review denied at 113 Wn.2d 1025 (1989).

---

authorize my executor to pay out of the assets of my estate . . . all general estate taxes and state inheritance taxes". However, we do not rely on this construction because Victor executed his will in April 1982, 3 months after RCW 83.08 and the state inheritance tax had been repealed and replaced by a general state estate tax. *See* RCW 83.100.

[2]*Macomber* also states the rule that in the absence of direction to the contrary by the testator, the tax burden imposed on property passing outside of a will should fall on the estate. 32 Wn.2d at 702. Since we find a contrary intent in Victor's will, that rule has no application here.